FRANK J. MELLER *vs.* EBENEZER A. HODSDON and another.

May 12, 1885.

Taxes — Assessment and Payment under Imperfect Description — Tax Sale of Omitted Land.—Where it appeared that an entire farm was assessed in the name of the true owner under an imperfect or incomplete description, which both the owner and assessor, who was familiar with the situation of the land, understood to include the entire tract, and the same was valued and assessed accordingly, and the taxes levied under such assessment were thereafter duly paid by the owner, *held*, that the entire tract or farm was discharged from any claim or lien of the state upon any part thereof for the taxes levied for the year in question.

Action of ejectment brought by plaintiff in the district court for Hennepin county.  Defendant, upon the trial before *Young*, J., and

----

[1] Berry, J., was absent and took no part in this case.

a jury, had a verdict, and plaintiff appeals from an order refusing a new trial. The facts appearing in evidence are stated in the opinion.

*McHugh & McHugh* and *Ueland, Shores & Holt*, for appellant.

*Arthur D. Smith*, for respondents.

VANDERBURGH, J.[1]   Plaintiff claims title to the land in dispute under a certificate issued upon a sale thereof in pursuance of Laws 1881, *c.* 135.   The defence is that the defendant had previously paid the taxes for which the land is claimed to have been sold.   The land is a part of a government subdivision, designated as "lot 2," etc., and is bounded by a creek running on its easterly margin; the defendants' land lying wholly west of the creek.   Ten acres in the S. W. corner and 10 acres in the S. E. corner of the lot next the creek have for many years been owned by other parties, and have been duly assessed to the owners, and the taxes paid thereon.   The remainder of the land in lot 2 has for more than 15 years belonged to the defendant E. A. Hodsdon, and been a part of his farm, and the only designation or description of land in that lot for the year in question and for several years previous, upon the assessment roll, besides the 10-acre parcels, was "W. 30 acres of lot 2," listed in the name of the defendant as owner.   The lot is supposed to contain about 55 acres.

It satisfactorily appears by the evidence of the assessor, who was familiar with it and had made the assessment thereon for several previous years, that he in fact valued and assessed defendant's land in lot 2 in connection with the rest of his farm, under the description thus appearing of record, so that an assessment and valuation of the entire lot was in fact made and included in the assessment roll under the descriptions above mentioned, and in the name of the actual owners thereof.   After the return of the assessment, a new assessment appears to have been made in the office of the county auditor, and entered upon the assessment roll for the year in question, (1878,) as follows:  To "unknown owner."   "That part of lot 2 except W. 30 acres and S. E. 10 acres;"—and by this description the tax sale was made under which plaintiff claims.   Plaintiff paid the taxes, as he

[1]Berry, J., was absent and took no part in this case.

had done in previous years, upon the assessment as actually made by the assessor.

Under the original assessment it is clear that no double assessment was, in fact, made or intended. But to give effect to the new or supplementary assessment, the record must include a double assessment of the S. W. 10 acres, and the result would also be a double payment of the taxes thereon. It is not necessary to consider whether the description would be sufficient to support a tax title as against the owner; but, upon the issue of payment by him of the taxes, under the assessment originally made, we see no reason why the facts we have recited were not proper to be shown in evidence, and, upon them, we think the finding warranted that the taxes lawfully levied upon defendant's land in lot 2, for the years in question, were actually paid by him. *Orton* v. *Noonan,* 25 Wis. 672.

Several alleged errors in the reception of evidence, in the course of the trial, in no way affect the merits, and are unnecessary to be considered.

Order affirmed.