Bray & Choate Land Co. and another vs. Newman.

BRAY & CHOATE LAND COMPANY and another, Appellants,
vs. NEWMAN, Respondent.

92  271
93  458

92      271
117    ¹ 13

*December 2, 1895 — February 18, 1896.*

*Taxation: Nonpayment due to fault of officer: Setting aside tax deed;
Limitations.*

1. Where the owner of land applied in good faith to the town treasurer to pay the taxes thereon, and received a statement, and paid accordingly, and afterwards the land was sold for taxes which were in arrears when such statement was furnished but were not included therein through the negligence, fault, or mistake of the treasurer, and of which the owner had no knowledge, the title of such owner is not divested by the sale or barred by the three years statute of limitations (S. & B. Ann. Stats. sec. 1188).

2. The evidence in this case — showing, among other things, that an agent having sufficient funds for the purpose applied on behalf of the owners to pay the taxes on certain lands; that neither he nor the owners knew of an additional tax entered on the tax roll of that year on account of the omission of the lands from taxation in the previous year; that he received a receipt on a printed blank, having no entry in the column headed "Taxes unpaid previous years;" and that he and the treasurer had both forgotten the particulars of the transaction — is *held* sufficient to show that the nonpayment of said additional tax was owing to the negligence, fault, or mistake of the treasurer.

APPEAL from a judgment of the circuit court for Lincoln county: CHAS. V. BARDEEN, Circuit Judge. *Reversed.*

Action to set aside and cancel a tax deed, dated and recorded May 31, 1889, of S. W. ¼ of S. E. ¼ of section 14, and S. E. ¼ of S. E. ¼ of section 12, in township 34 N., of range 7 E., in Lincoln county, the legal title to which had become vested in the *Bray & Choate Land Company* in 1885. On the 30th of October, 1891, said land company entered into an executory contract with R. P. & G. W. Monson for the sale and conveyance of said tracts to them, and they were therefore joined in the action as coplaintiffs with the land company, but during its pendency G. W. Monson died, and the

action was continued in the name of *R. P. Monson* as survivor of said firm. The action was not commenced until more than three years after the recording of the tax deed and for three years after such recording the lands were wild, unimproved, and wholly vacant and unoccupied. The plaintiffs and the persons from whom they derived their title had duly paid all taxes levied thereon after the year 1885 up to and including the year 1892. The lands were situated in the town of Russell, Lincoln county, and, with other lands, had been owned by Monahan & Daly, the grantors of the land company, but by inadvertence or mistake of the taxing officers were omitted from taxation for 1884. In the year 1883, and each year thereafter up to and including 1886, the then owners of the lands employed one John Wiley, but who died before the action was brought, as their agent to pay the taxes on their lands in that town, and in the years 1884, 1885, and 1886 the work of paying such taxes was performed by one John D. Wiley, at his request.

In 1885 the assessor entered the description of the tracts in question, with others that had been in like manner omitted the previous year, and in each case, once additionally, immediately under the description of each such tract, with a designation opposite to each such additional entry, thus, "Same omitted for the year 1884," and affixed upon the roll, in the proper column, a just valuation of each such tract thus additionally entered for 1884, and the town clerk entered the same once additionally on the tax roll for 1885 in like manner, with the designation, "Same omitted for the year 1884," and entered and extended upon such valuation opposite each of such entries. Said John D. Wiley, acting for Monahan & Daly, then the owners of these and another tract, applied to the town treasurer to pay the taxes thereon in the year 1885, and the treasurer received the amount carried out against each tract on the roll for 1885, including

Bray & Choate Land Co. and another vs. Newman.

the tracts in dispute, and gave a receipt for the same so paid; but the amounts carried out against such additional entries, on account of omission of said lands from taxation in 1884, were not paid, but the tracts in question were returned as delinquent, and advertised and sold for such taxes, and the tax deed in question was founded on such sale.

It is alleged in the complaint, in substance, that the owners of the tracts in question had no knowledge that they had been omitted from taxation in 1884, or that any portion of the taxes thereon, charged in 1885, remained unpaid, or that the land had been sold for taxes, or that any tax deed had been issued thereon, until more than three years after its date; that the treasurer, by mistake or oversight, failed to inform the owners or their agent of the true amount charged against the lands for 1885, and by reason of said treasurer accepting, in consequence of such mistake and oversight, a less sum than the whole amount, they were misled and prevented from making full payment of such taxes. And they insist, in substance, that they made constructive payment of the entire amount, and that the said tax deed and statute of limitation ought not, in equity, to bar their rights. The defendant denied the facts so relied on, and insisted on the three years statute as a bar to the action.

The circuit court found that the failure to pay the taxes in question was wholly unexplained or accounted for by the evidence, and that the agent, John D. Wiley, and the town treasurer had both forgotten the transaction, and neither of them had any recollection of what occurred, further than that the tax receipt for that year was made out, signed, and delivered to said Wiley. The court gave judgment for the defendant, dismissing the complaint, from which the plaintiffs appealed.

For the appellants there were briefs by *Curtis & Reid,* attorneys, and a separate brief by *Thompson, Harshaw &*

*Thompson,* of counsel, and oral argument by *Geo. Curtis, Jr.,* and *A. E. Thompson.*

For the respondent there was a brief by *Flett & Porter* and *T. C. Ryan,* and oral argument by *W. H. Flett* and *W. C. Silverthorn.*

The following opinion was filed December 17, 1895:

PINNEY, J.  The evidence in this case brings it within the principle of *Gould v. Sullivan,* 84 Wis. 659, in which it was held that, where the owner of lands in good faith attempted and offered to pay the taxes thereon, and was informed by the town treasurer, whose duty it was to state the amount of the taxes, that there were no taxes on the roll against such lands, he was entitled to rely upon such information, and his title was not divested by a subsequent sale of the lands for the nonpayment of the taxes which he had offered to pay.  An erroneous statement as to the amount due for such taxes is equally within the rule, if acted on and payment is made by the landowner accordingly.  Very many authorities were cited in that case in support of the conclusion announced, and it is in harmony with many other cases. *Wakefield v. Rotherham,* 67 Iowa, 444; *Hintrager v. Mahoney,* 78 Iowa, 537; *Pottsville L. Co. v. Wells,* 157 Pa. St. 5; *Lewis v. Monson,* 151 U. S. 545; and cases cited in note to *Gould v. Sullivan* (84 Wis. 659), in 20 L. R. A. 487.  In *Gould v. Sullivan, supra,* it was said that the decisions granting relief in such cases "are founded on the ground that the treasurer is the legal custodian of the books, and possesses full and authentic information, and it is his official duty to furnish it; that the landowner cannot get the information in any other way, and is not bound to search the books for himself, and that landowners almost always do, and rightfully may, depend on information thus received; and that the party cannot be involved in the loss of his land by the mistake of the officer;" that the same rule ought to

apply "where the landowner applies to pay, and offers and is ready to pay, the taxes on his lands, and is informed by the treasurer that there are none to pay." Where, as in this case, the owner applied in good faith to the treasurer to pay his taxes, and received a statement, and paid accordingly, and afterwards the land was returned and sold for taxes in arrear when such statement was furnished, and not included by the negligence, fault, or mistake of the officer, the title of the taxpayer will not be divested by the sale or barred by the three years statute of limitation. *People ex rel. Cooper v. Registrar of Arrears*, 114 N. Y. 19.

In *Pottsville L. Co. v. Wells*, 157 Pa. St. 5, where the taxpayer had paid all the taxes stated by the treasurer, and the property was sold for taxes not stated to him, the sale was held void, and it was said that "if the owner pays all the taxes stated by the treasurer, he has done his whole duty. He can do no more. . . . It is but just, then, that a *bona fide* attempt to pay all such taxes, frustrated by the fault of the treasurer, should stand as the equivalent of actual payment,"— adding that "it is an almost universal rule which substitutes a tender for performance, when the tender is frustrated by the act of the party entitled to performance." *Breisch v. Coxe*, 81 Pa. St. 336.

It was the official duty of the treasurer in the instant case to have stated to Wiley, who applied, on behalf of the plaintiffs, undoubtedly in good faith, to pay the taxes on these lands, the entire amount of all the taxes on the roll against them. The evidence satisfies our minds that the application was made in good faith to pay the taxes on these lands on the roll for 1885. The agent had, it appears, sufficient funds for the purpose, and there is no ground whatever to impute to him a purpose to pay a part, only, of the taxes actually due. The evidence of Wiley is to the effect that he applied to pay the taxes on the lands of his principals in that town; that he did not know of the additional tax on them

for the year 1884. The evidence of Daly and Choate is to the same effect, and that neither they nor the plaintiffs knew of the fact until more than three years after the tax deed had been executed. The evidence, as a whole, satisfies us that the fact that the tax in question was not actually paid, or the lands redeemed, was not the fault of the then owners or the plaintiffs, their grantees, but that its nonpayment was owing to the negligence, mistake, or failure of the treasurer to properly perform his duty. It is not material, in this view, to inquire in what particular manner the negligence, mistake, or failure to do his duty occurred. It is enough that, through failure, mistake, or neglect of duty, the owners of the land were misled or failed to get the proper information to which they were entitled. The receipt given on the occasion was partly printed and partly written, and is for "taxes charged on the described property on the tax roll of the above-named town for the year 1885," and was prepared for and contained a tabular statement of divers matters under appropriate headings, there being a column with the heading, "Taxes Unpaid Previous Years," in which there was no entry whatever, the space having been left blank. The treasurer, in his testimony, had no recollection on the subject at all, aside from the fact that he recognized the receipt and was able to say that Wiley paid taxes to him that year. He was utterly unable to state the particulars of the transaction. Under these circumstances, we conclude that it is a just inference that the fault or mistake was that of the treasurer, and that the owners of the land were entitled to rest securely upon the statements in the receipt, and the fact that they applied in good faith to pay the taxes on these lands, and that neither they nor their agent had any information or notice in fact of the tax for the year 1884 for the nonpayment of which the lands were sold. The evidence in all such cases must undoubtedly show a *bona fide* application to the proper officer to pay the taxes on the

land, and the fact that payment of all that was due was not made was owing to the negligence, fault, or mistake of the officer, and not of the landowner.

We hold, for these reasons, that the plaintiffs were entitled to relief against the tax deed in question upon making payment of the taxes and proper interest thereon.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded with directions to enter judgment in accordance with the opinion of this court.

A motion for a rehearing was denied February 18, 1896.