## DRANSEN PERRET *v.* THEODORE BORRIES.

1. TAX SALES. *Payment of taxes.*

A tax sale made after the taxes have been paid is void.

2. SAME. *Tax receipt. Code* 1892, § 3807. *Parol evidence.*

Code 1892, § 3807, prescribing a formal tax receipt and providing that "any other receipt shall not be valid as evidence," does not exclude parol evidence to show the land actually paid on, where the same is inaccurately or wrongfully described in a statutory receipt. *Edmondson* v. *Ingram*, 68 Miss., 32, if it decide otherwise, overruled.

3. SAME. *Meaning of the statute.*

The statute (code 1892, § 3807) means that the prescribed receipt is the only valid one in favor of the tax collector, and was not designed to take the property of the taxpayer for failure of the officer to give the statutory receipt.

FROM the chancery court of Harrison county.

HON. STONE DEAVOURS, Chancellor.

Perrett, the appellant, was the complainant in the court below; Borries, appellee, was defendant there. The object of the bill was to cancel a tax title. The defendant, Borries, made his answer a cross bill and sought the confirmation of the tax title. The court below decreed in favor of defendant, granting him relief on his cross bill, confirming the tax title. The facts are otherwise stated in the opinion of the court, and, where not stated, are clearly inferable therefrom.

*Harper & Harper*, for appellant.

Appellant's receipt was a perfect receipt. It was given him by the tax collector. It was dated, numbered, and filled up, so as to show by whom and on what taxes were paid, amount of land assessed, and rate per centum at the head of the receipt, which receipt was made for the purpose. It distinctly specifies

the land as described on the assessment roll. The receipt was taken from the tax receipts in the book of receipts, and any other receipt would not have been valid as evidence. Our receipt being valid as evidence, the rule laid down in the case of *Edmondson* v. *Ingram* is not in point and has no application.

The rule that governs the case at bar is the case of *Dodds* v. *Marks*, 63 Miss. The clause in § 3807, code of 1892, which says that "any other receipt shall not be valid as evidence" is in derogation of the common law. Being in derogation of the common law, it must be construed strictly and not operate beyond its words. Therefore, in spite of the rule laid down in *Edmondson* v. *Ingram*, 68 Miss., 32, the law ought to be that any receipt other than that prescribed by law is valid as evidence, because parol evidence is admissible to prove a payment of taxes, notwithstanding the written receipt and without accounting for its absence.

*W. A. White,* on same side.

The well-merited criticism of *Edmondson* v. *Ingram*, 68 Miss., 32, in the dissenting opinion of Mr. Justice Whitfield, in *Judah* v. *Brothers*, 72 Miss., 637, points out clearly the fallacy of the rule laid down by the court, and that case ought to be overruled; but it does not reach the case at bar, for in *Edmondson* v. *Ingram* it was held that nothing but an official receipt was evidence of the payment of taxes. In this case appellant's grantor not only paid the taxes, but she got an official tax receipt, showing that the money was actually paid to the tax collector for all the taxes due on this land when it was sold for taxes. Then the question presented is not whether appellant's grantor had an official receipt, but whether a misdescription of her property in this official receipt, which described neither her property nor any other property, but shows officially the payment of the money, will validate a sale of her property for taxes when no taxes were due.

*Miller & Ford*, for appellee.

Section 3807, code 1892, as construed in *Edmondson* v. *Ingram*, 68 Miss., 32, is conclusive against appellant.

Argued orally by *W. R. Harper*, for appellant.

WHITFIELD, C. J., delivered the opinion of the court.

The appellant did pay all the taxes due on the land in controversy, but the tax collector gave her a receipt misdescribing the property. The taxes having been actually paid, nothing was due, and the sale was illegal and void.. Section 3807 of the code was never meant to exclude a tax receipt correct in everything save a misdescription of the land, due solely to the fault of the tax collector, if the taxes had actually been paid.

If *Edmondson* v. *Ingram*, 68 Miss., 32, would in such case exclude parol proof to show the fact of actual payment, it is hereby overruled as unsound. The case falls within *Dodds* v. *Marx*, 63 Miss., there having been there two assessments, each of which might support a sale.

The very sum total of the taxes, $6.68, due on this indentical land was paid. She owned no other land in the county, and she actually paid the whole tax due on this land, and received from the tax collector this receipt, conforming in all respects to the requirements of § 3807, save for the misdescription. It is not to be tolerated that she should lose her estate under such circumstances. It would be a deprivation of property without due process of law. We cannot sanction a doctrine which would exclude proof by parol of the fact of payment on the land in question because of the failure of the tax receipt to describe properly the land. The statute means that such receipt is the only receipt valid in favor of the tax collector. It was never intended to take from one who had actually paid his taxes his estate for the failure of the officer to give the precise form of receipt called for by the statute.

The decree below not only confirmed the tax title to the land

south of the Louisville & Nashville railroad, but to that part between it and the Pass Christian road. This was wholly erroneous in any view. But, as seen, the decree is wrong throughout.

*Decree reversed, and decree will be entered here annulling the tax title.*