138    605
144     47

## KENT v. AUDITOR GENERAL.

TAXATION — MISAPPLICATION OF PAYMENT — SALE — CANCELLATION
OF DEED.

Where a taxpayer sent the amount of taxes due on his lands to
the township treasurer, who mistakenly applied the money
in part to payment of taxes on other lands in which the tax-
payer had no interest, leaving the taxes on a portion of his
land unpaid, and such portion was sold therefor, the case does
not fall within 1 Comp. Laws, § 3921, subd. 4, requiring the
owner to pay the original taxes before he is entitled to can-
cellation of the tax deed, but the taxes are to be deemed paid,
under subdivision 2 of said section.

Mandamus by Charles A. Kent and Bryant Walker,
trustees of the estate of Frederick Buhl, deceased, to com-
pel Perry F. Powers, auditor general, to cancel the sale of
certain land for the taxes of 1897. Submitted December
6, 1904. (Calendar No. 20,766.) Writ granted Decem-
ber 22, 1904.

*Walker & Spalding*, for relators.

*Charles A. Blair*, Attorney General (*Charles W.
McGill* and *George L. Hauser*, of counsel), for respond-
ent.

MOORE, C. J. Frederick Buhl, at the time of his death,
prior to the year 1897, was the owner of the S. ½ of the N.
W. ¼ and the N. ½ of the S. W. ¼, section 1, town 14 N.,
range 1 W. Relators are the trustees of his estate; peti-
tioner Walker being the successor of one Robert Hosie,
a former trustee.

It appears from the petition filed in this cause that Rob-
ert Hosie, former trustee, during his lifetime, had princi-
pal charge of the above-described property, with respect

to the payment of taxes. December 3, 1897, Robert Hosie, as trustee, wrote to the township treasurer of Lee township, Midland county, requesting a statement of the amount required to pay the taxes for the year 1897 on said lands. As the result of such communication, the amount necessary to pay the taxes for the year 1897 was forwarded to that official, and a receipt subsequently returned to Mr. Hosie. Said receipt covers all of the descriptions referred to in the letter of Mr. Hosie, except the N. E. $\frac{1}{4}$ of the S. W. $\frac{1}{4}$. Instead of issuing a receipt upon that description, the treasurer included the N. W. $\frac{1}{4}$ of the N. W. $\frac{1}{4}$— land in which the estate had no interest—in place of the N. E. $\frac{1}{4}$ of the S. W. $\frac{1}{4}$. The taxes for the year 1897 on the N. E. $\frac{1}{4}$ of the S. W. $\frac{1}{4}$, section 1, town 14 N., range 1 W., not having been paid to the township treasurer for the year 1897, except in the manner stated above, that official returned the same to the county treasurer as· provided by law, and the county treasurer returned the same as delinquent to the auditor general. The taxes for the year 1897 on the description in question remaining unpaid, except as before stated, the auditor general included said description in his petition for the sale of the taxes of 1897 and prior years at the annual tax sale held in May, 1900. The description was bid to the State for the taxes of 1897, and subsequently became State tax land; and under date of January 20, 1902, said description was purchased at the auditor general's department, as State tax land, by one William H. Graham, of the city of Lansing. Subsequent to the date of purchase, relators learned of such purchase, and applied to the auditor general for a cancellation of the sale made as aforesaid. The application of relators was refused. The relators ask for the writ of mandamus to compel the auditor general to cancel said sale.

It is the claim of the auditor general that the case comes under subdivision 4 of section 3921, 1 Comp. Laws, and that relators should pay the original tax before they are entitled to have the tax deed canceled, while it is the claim of

relators that when Hosie sent the amount of the tax to the township treasurer, instructing him that it was for the purpose of paying the tax, that even though the township treasurer did not so apply it, it in fact paid the tax and discharged the lien, and brings case under subdivision 2 of section 3921, 1 Comp. Laws. The attorney general says the question is a new one in this State. Counsel for relators contend the following authorities sustain their position: *Perret* v. *Borries*, 78 Miss. 934; *Meller* v. *Hodsdon*, 33 Minn. 366. We think they are right in that contention. See, also, *Bray & Choate Land Co.* v. *Newman*, 92 Wis. 271; *Lewis* v. *Monson*, 151 U. S. 545; *Hand* v. *Auditor General*, 112 Mich. 597; *Hough* v. *Auditor General*, 116 Mich. 663; *Carpenter* v. *Jones*, 117 Mich. 91.

Writ of mandamus will issue as prayed.

The other Justices concurred.