Edwards vs. Upham.

Edwards, Appellant, vs. Upham, Respondent.

$$\begin{array}{cc} 93 & 455 \\ 117 & {\scriptstyle 1}\;13 \end{array}$$

*May 5 — May 22, 1896.*

*Tax titles: Redemption prevented by mistake of officer: Refunding money paid: Cancellation of deed: Estoppel.*

1. The rule that, if the original owner of land sold for taxes is prevented from redeeming it by the fault or mistake of the officer through whom redemption is to be made, the title will not pass by any subsequent deed based on those taxes, does not apply to a case where redemption which could be made only through the county clerk was prevented by misinformation given by the county treasurer.

2. The county board has no jurisdiction to refund money paid for a tax certificate after the deed issued thereon has been validated by a statute of limitations; and the refunding of the money in such a case and its receipt by the grantee do not operate to cancel the deed.

3. Where, after the statute of limitations had run in favor of a tax deed, the grantee, through a mistake of fact, applied for and obtained the refunding of the amount paid, but afterwards, on discovering the mistake, returned the money to the county, he is not estopped thereby to assert title under the deed as against the original owner, if the latter did not do anything or incur any expense in reliance upon such acts.

Appeal from a judgment of the circuit court for Oneida county: Chas. V. Bardeen, Circuit Judge. *Affirmed.*

Action of ejectment, brought by the original owner of land against a tax-deed claimant. The defendant had two tax deeds,— one based on the tax sale of 1882, recorded September 12, 1889; the other on the tax sale of 1886, recorded May 25, 1889. More than three years had elapsed after the recording of the first tax deed before the commencement of this action and before the filing of the claim hereinafter mentioned for the return of. the money paid to the county for the certificate on which such deed was based; also before the refunding of such money to the county upon

the ground that the claim therefor had been made by mistake.

To defeat the first tax deed, plaintiff depended upon the following facts: In April, 1883, at which time the land was subject to redemption from the tax sale at the office of the county clerk of Lincoln county, plaintiff wrote to the county treasurer requesting to know if there were any back taxes on the land for the years of 1881 and 1882, to which inquiry the treasurer replied that it was not on the rolls. Plaintiff relied upon this information, and paid no further attention to the matter, believing that his land was free from taxes for the years mentioned. Thereafter an action was commenced against the county by one Lizzie Curran, to set aside the tax on certain lands, and, by mistake, the land in question was included. By the judgment in such action the tax was in form declared invalid and set aside. Thereafter defendant's agent, without his knowledge, presented a claim against the county for repayment of the money theretofore paid to the county for illegal certificates, and, by mistake, the land in question was included. The claim was allowed, and thereafter the money was drawn, without discovering the mistake. Some time afterwards, and on discovering such mistake, the money was returned to and received by the county.

The court found all the issues in favor of the defendant, and judgment was rendered accordingly, from which this appeal was taken.

For the appellant there was a brief by *Alban & Barnes,* and oral argument by *John Barnes.* They contended, *inter alia,* that where a land owner in good faith intends to pay his tax and uses ordinary care and prudence in making an honest attempt to do so, but fails to pay because of wrong information given him by a public official who has full means of information at hand, his right of redemption is not thereby defeated. *Martin v. Barbour,* 34 Fed. Rep. 701; *S. C.* 140

Edwards vs. Upham.

U. S. 634; *Lewis v. Monson*, 151 id. 545; *Tacey v. Irwin*, 18. Wall. 549; *Gould v. Sullivan*, 84 Wis. 659, 20 L. R. A. 487,. and cases cited; *Bray & Choate Land Co. v. Newman*, 92. Wis. 271.

For the respondent there was a brief by *Silverthorn*, *Hurley, Ryan & Jones*, and oral argument by *T. C. Ryan*. They argued, among other things, that at the time plaintiff wrote to the county treasurer there was a tax sale to be redeemed from, and redemption was his only remedy, and the land could not possibly be redeemed except in the manner provided by statute, namely, by paying to the county clerk;. and no dealing or conversation or correspondence or other transaction of any kind whatever could have the force or effect of redemption, unless such dealing, etc., was had with the " proper officer," the county clerk. *Van Benthuysen v. Sawyer*, 36 N. Y. 151; *Gould v. Sullivan*, 84 Wis. 659; *People ex rel. Cooper v. Registrar of Arrears*, 114 N. Y. 19; *Martin v. Barbour*, 34 Fed. Rep. 711; *Hintrager v. Mahoney*,. 78 Iowa, 537; *Bubb v. Tompkins*, 47 Pa. St. 359; *Dietrick v. Mason*, 57 id. 40; 1 Blackwell, Tax Titles, §§ 157, 162; 2. id. §§ 719, 823, 832; *Gage v. Scales*, 100 Ill. 224; *Heaton v. Knight*, 63 Iowa, 686; *Philadelphia v. Anderson*, 142 Pa.. St. 357; *Jones v. Welsing*, 52 Iowa, 220; *Harrison v. Owens*,. 57 id. 314; *Ruddy v. Woodbridge*, 46 N. J. Law, 109.

MARSHALL, J. The first question presented is, Were the inquiry made by plaintiff of the county treasurer of Lincoln county, respecting the back taxes for the year on which the first tax deed was based, and the reply of such treasurer thereto, effectual to discharge such land from the lien of such taxes? The law is well settled that if a landowner in. good faith applies to the proper officer for the purpose of paying the taxes thereon, and is prevented from making payment by the mistake, wrong, or fault of such officer, such attempt to pay is equivalent to payment and discharges.

the land from the lien of such taxes, and he may thereafter prosecute an action against the grantee under a tax deed based on such tax, the same as if the tax was paid in fact, even after the expiration of the three years constituting the limitation under sec. 1188, S. & B. Ann. Stats. *Gould v. Sullivan,* 84 Wis. 659; *Bray & Choate Land Co. v. Newman,* 92 Wis. 271. This subject is very fully discussed in the two cases cited, and it is needless to go over the matter again. Suffice it to say that in neither of such cases, nor in any case therein cited or to which our attention has been called in the brief of counsel, nor in any case that we have been able to find after a very careful study of the matter, has any court gone so far as to hold that an offer to pay the tax on land to an officer not authorized to receive it discharges the land from the lien of such tax. The rule is confined to cases where the landowner is prevented from paying the tax by the neglect, wrong, or mistake of the officer charged with the duty of collecting or receiving the tax. In *Van Benthuysen v. Sawyer,* 36 N. Y. 150, the rule here invoked is stated, in effect, thus: If redemption of land sold for taxes is prevented by the fault or misconduct of the *officer through or to whom redemption is to be made,* the title will not pass by any subsequent deed based on such tax. The rule being based on the principle that an offer of performance made to the proper officer, defeated by the fault, negligence, or wrong of such officer, is equivalent to performance, obviously it cannot have any application where the officer to whom the tender is made has no power to receive it.

It is contended that notwithstanding the statute of limitations had run in favor of defendant's deed, and that he was therefore the absolute owner of the land under such deed before the application was made to refund the money, the act of the county board and the receipt of the money by defendant effectually canceled the deed. The power of the county board, under sec. 1184, R. S., is confined to refund-

Edwards vs. Upham.

ing money paid for certificates that are invalid. As the statute of limitations had run in favor of the certificate in question, thereby curing the irregularities and defects, the county board had no jurisdiction, under sec. 1184, R. S., to refund the money; hence their action could in no event affect defendant, unless he did something by reason of which he became estopped from afterwards asserting claim of title under the deed. Obviously, the receipt of the money and the payment back to the county on discovering the mistake could not operate as an estoppel, unless by such acts plaintiff was induced to do or not to do something, or to incur some expense, relying thereon, by which he would be prejudiced if defendant thereafter was allowed to successfully assert his tax title. As is very properly said by counsel for respondent in their brief, the facts do not include the essential elements of an estoppel. Plaintiff did not do anything, or incur any expense, relying upon the acts of defendant or his agent; for even this action to assert the invalidity of the tax deed was not commenced till long after the defendant had discovered the mistake and had refunded the money. There can be no estoppel *in pais* created in favor of a person by the acts of another when no acts are done or expense incurred by such person in consequence of the acts or declarations of such other. *Mabie v. Matteson*, 17 Wis. 1.

It follows that the title of the defendant to the land in question was absolute under the first tax deed, and he was entitled to judgment as rendered in the court below.

*By the Court.*— The judgment of the circuit court is affirmed.