## HAND v. AUDITOR GENERAL.

TAXES—SALE OF LAND—WITHHOLDING DEED.

Under Act No. 154, Pub. Acts 1895, § 98, subd. 4, authorizing the auditor general to withhold a conveyance of lands sold for delinquent taxes if he discovers that the proper officer has given a certificate that no taxes were charged against the land, a deed is properly withheld by the auditor where it appears that, three months before the sale, the owner of the land was given by the county treasurer what purported to be a statement of all taxes due upon his property in the city wherein the land in question was located, and that the owner thereupon paid the entire amount so claimed.

*Mandamus* by Charles E. Hand to compel Roscoe D. Dix, auditor general, to issue to relator a tax deed of certain lands. Submitted April 6, 1897. Writ denied May 11, 1897.

*John M. Gleason* and *Phillips & Jenks*, for relator.

*Fred A. Maynard*, Attorney General (*Elbridge F. Bacon*, of counsel), for respondent.

LONG, C. J. The relator filed a petition in this court for *mandamus* to compel the auditor general to issue to him a deed of certain lands in St. Clair county. It appears that the lands were returned for delinquent taxes for the year 1893. Regular proceedings were taken in the circuit court, in chancery, for that county, for the sale of the lands, and the sale ordered to take place December 2, 1895. At said sale the lands were offered, and, for want of bidders, were struck off to the State. The lands were so held at the time the relator made application to purchase the State bid. He tendered the amount of money required for that purpose, but the respondent refused to issue the deed. The respondent by his answer

shows that the reason for such refusal is that Homer Warren is the owner of the lands, and has tendered the amount of money necessary to pay and discharge said tax; that on August 28, 1895, and before the time fixed by law for the sale of lands delinquent for the taxes of 1893, Homer Warren wrote the county treasurer of St. Clair county, asking for a statement of the taxes due upon all his property in the city of Port Huron, and on the 29th the deputy county treasurer wrote him what the amount was, which amount was sent forward by Mr. Warren; and that Mr. Warren relied upon such statement. The respondent says that, in view of these facts, he refused to issue the deed to the relator.

Counsel for relator contend that the auditor general had no power, under the tax law, to receive the money from the owner after he (relator) had made application to purchase and had tendered his money. Section 98 of Act No. 154, Pub. Acts 1895, provides, substantially, that whenever any lands returned to the office of the auditor general shall have been sold on account of nonpayment of taxes thereon, if the auditor general shall discover, before a conveyance of said lands is executed and delivered—*First*, that the land sold was not subject to taxation; *second*, that the taxes have been paid to the proper officer within the proper time; *third*, that the sale was not made in accordance with law; or, *fourth*, that the proper officer has given a certificate that no taxes were charged against the land,—he shall withhold a conveyance, etc. We are of the opinion that the auditor general very properly withheld the deed from the relator. The correspondence between Mr. Warren and the deputy county treasurer has been returned here, from which it appears that Mr. Warren made every reasonable effort to pay his taxes. He wrote to ascertain what lands were still held for taxes, and the amount thereof, and was advised of the amount, and that all taxes were paid except on certain descriptions, and that on those descriptions there was due $68.10. This Mr. Warren paid. It

is apparent that Mr. Warren was acting in good faith. The relator is an entire stranger to the proceedings, and we think that, under subdivision 4 of section 98, the auditor general very properly refused the conveyance. The letter of the deputy county treasurer amounted, in effect, to a statement that no taxes were charged against these particular lands.

The writ of *mandamus* must be denied, with costs against the relator.

The other Justices concurred.