KNEELAND v. AUDITOR GENERAL.

TAXES—SALE OF LANDS—WITHHOLDING DEED.

The auditor general is justified in withholding a deed of land sold for delinquent taxes under the tax law of 1893, where it appears that the taxes were paid upon a part of the land within the time prescribed by law, and he is unable to determine upon what part the taxes were so paid.

*Mandamus* by Fred A. Kneeland and another to compel Roscoe D. Dix, auditor general, to issue a tax deed.   Submitted April 27, 1897.   Writ denied May 25, 1897.

*Tweddle & Cross* and *Dodge & Covell*, for relators.

*Fred A. Maynard*, Attorney General, and *W. H. Foster*, Prosecuting Attorney, for respondent.

LONG, C. J.   On December 4, 1895, lots 7, 8, 9, and 10, block 2, of the village (now city) of Traverse City, were sold by the county treasurer of Grand Traverse county, and bid in by the State, for delinquent taxes for the year 1893.   The sale was made in pursuance of a decree of the circuit court for that county in chancery. In December, 1896, the relators purchased the State bid, and also bid in the lands for the delinquent taxes for the year 1894.   The time for redemption having expired upon the sale of 1893, the relators demanded a deed of the premises from the auditor general.   This being refused, the

relators ask the aid of the writ of *mandamus* to compel the respondent to issue the deed.

The respondent, by his answer, shows that the lots were assessed for the year 1893 in four descriptions, as follows: *First*, lots 7 and 8, except 17 feet of lot 8; *second*, 17 feet of lot 8; *third*, lot 9, except 40 feet, and lot 10; *fourth*, 40 feet of lot 9. The respondent further shows that the property was advertised and sold as follows, and the taxes being for the following amounts: *First*, lots 7 and 8, $98.61; *second*, lots 9 and 10, $107.06. It appeared that within the time required by law taxes were paid upon the 17 feet of lot 8 and upon the 40 feet of lot 9. When application was made by the relators for the deed, the auditor general discovered the fact that the several parcels of land were assessed in the several descriptions as above set forth, and had been sold as two descriptions as above. There was nothing upon the records by which the auditor general could separate the properties, and distinguish upon what part of the lots the taxes had been paid; and hence he returns that he refused to issue the deed. The owner of the property afterwards tendered the balance of the money for the taxes, which was received by the auditor general, and the lands were discharged from the taxes. It is apparent that the auditor general could not determine upon what part or portion of those descriptions the taxes had not been paid, and consequently he could not issue a deed covering those portions only.

The writ must be denied.

The other Justices concurred.