HOUGH v. AUDITOR GENERAL.

TAXES—SALE OF LAND—VACATION.
  A sale of land for State and county taxes will be set aside
  at the instance of a mortgagee thereof, on payment by him of
  the amount of such taxes, with interest and charges, where he
  attempted to pay to the city treasurer, within the time pre-
  scribed by law, all taxes standing against the land, and failed
  to pay the State and county taxes because he was misled by
  that officer into a belief that the amount paid by him included
  all of the taxes; and this even though the roll containing the
  State and county taxes had not yet been received by the treas-
  urer.

Appeal from Ingham; Person, J.   Submitted April 6,
1898.   Decided April 19, 1898.

Petition by Carrie Mansfield Hough against the auditor
general and G. Burton Harris to set aside a tax sale.
From a decree for petitioner, defendant Harris appeals.
Affirmed.

*Moore & Goff* (*Edward Cahill*, of counsel), for peti-
tioner.

*Jason E. Nichols*, for appellant.

LONG, J.   This is a proceeding upon a petition filed to
set aside a decree of the circuit court, in chancery, of Ing-
ham county, rendered in a tax proceeding, so far as it
affects the lands of petitioner, and to decree a release of
record of all claims of defendant Harris under a deed
made to him by the auditor general.

The lands are situate in the First ward of the city of
Lansing.   In 1886 D. W. Van Auken was the owner, and
that year gave a mortgage thereon to Betsey Mansfield.
This mortgage was foreclosed, and sale made February

11, 1893, to Betsey Mansfield. She came into possession of the property in February, 1894, and died February 10, 1895, leaving a last will, and the parcel in controversy was deeded to petitioner. The assessment roll and tax roll of the First ward of the city of Lansing for the year 1892 showed that the land was assessed to the owner at $3,700. The warrant to the tax roll was dated December 1, 1892. No tax was assessed upon the property for that year to the mortgagee. Mr. William A. Moore, of Detroit, the agent and attorney for Betsey Mansfield, after he had advertised the Van Auken mortgage for foreclosure, wrote to E. R. Merrifield, at Lansing, in the latter part of 1892, requesting him to ascertain if there were any taxes unpaid on the Van Auken property; that he wished to pay them, and include them in the sale. Mr. Merrifield being sick, his son went to the city treasurer's office, and made inquiry as to the amount of the taxes, on December 1st. He wrote Mr. Moore on that day, as follows: "The city treasurer has just informed me that the taxes on the Van Auken property must be paid by Saturday, December 3d. The amount of the same is $70.20. Perhaps you had better send me a check, and I will pay them, and send receipt to you." The check was sent the next day, and on that day, December 2, 1892, Mr. Merrifield went to the city treasurer, and paid the taxes, and received a receipt therefor. This was for the taxes for the year 1892. On December 5, 1892, Mr. Moore also received a receipt from the county treasurer for the taxes for the year 1891. When Mr. Merrifield paid the taxes for the year 1892, on December 2d, the city treasurer did not say anything as to there being any other taxes due at that time.

It appears that all taxes in the city of Lansing, except the State and county taxes, are paid upon a roll made during the month of July. These had not been paid, and it was this part only that the city treasurer included in his statement to Mr. Merrifield as due and unpaid. The State and county taxes were not included in the statement. Under the city charter, the assessor is required to deliver

the tax roll, with his warrant attached, to the city treasurer, at the time prescribed by law for the delivery of the township rolls to the township treasurer; and that time is fixed by the general law as "on or before the 1st day of December." It appears, however, that, at the time Mr. Merrifield paid these taxes for the year 1892, the tax roll had not been placed in the hands of the city treasurer, and the treasurer knew that the State and county taxes for that year were not included in the statement; yet he said nothing to Merrifield about those taxes, though he knew he should have had the roll on the day before. Mr. Merrifield testified that when he went to the city treasurer's office, on December 2d, he stated to the treasurer that he wanted to pay the taxes on the Van Auken property. The lands were returned for the State and county taxes for 1892, and sold, and bid in by defendant Harris, and in 1896 a deed given therefor to him by the auditor general. Upon the discovery of the fact that the lands had been deeded, Mr. Moore offered to pay to Mr. Harris the sum of $100 for a release of his claim, which was refused.

On the hearing in the court below, the court decreed that the sale be set aside, on condition that petitioner pay the unpaid taxes for 1892, with interest and charges to date of decree. The court below, in a written opinion, found that Mr. Moore in good faith intended and attempted to pay all taxes standing against the land on December 1, 1892, and that he was deceived and misled by the statement of the city treasurer as to the State and county taxes. We think this conclusion is supported by the facts and circumstances shown by this record. Under such facts the mortgagee did all that was required of her. The case comes within the ruling of this court in *Hand* v. *Auditor General*, 112 Mich. 597. See, also, *Forrest* v. *Henry*, 33 Minn. 434.

The decree below must be affirmed, with costs in favor of petitioner.

The other Justices concurred.