KNEELAND v. WOOD.

1. Taxes—Attempted Payment—Remedy against Deed—Eject-
MENT—Evidence.

While a good-faith attempt by a landowner to pay his taxes to
the proper officer, which attempt is rendered unavailing by
the mistake or fault of the latter, is equivalent to a payment,
entitling the former to the benefit either of section 70 or of sec-
tion 98 of the tax law (Act No. 206, Pub. Acts 1893), providing,
respectively, that the court may set aside a sale, in case the tax
had been paid, upon application made by the owner within one
year after receiving notice of the sale, and that the auditor
general, on discovering that a tax had been paid before sale,
may withhold a conveyance or issue a certificate of error, as
the circumstances may require, the owner must resort to one
or the other of the remedies so prescribed, and, not having
done so, cannot set up the facts to defeat an action of eject-
ment brought by the holder of the tax deed.

2. Same—Authority of Auditor General.

The auditor general, in determining the facts as the basis
for his action under the last-mentioned section, may consider
any competent proofs, subject to a review by the courts in a
proper proceeding.

Error to Grand Traverse; Corbett, J. Submitted April
6, 1898. Decided May 18, 1898.

Ejectment by Fred A. Kneeland and John H. Cole
against Lizzie C. Wood and Hiram D. Wood. From a
judgment for defendants, plaintiffs bring error. Re-
versed.

*Tweddle & Cross*, for appellants.

*Pratt & Davis*, for appellees.

Montgomery, J. This is an action of ejectment.
Plaintiffs rely on a deed from the auditor general. The
land was sold after the decree for the taxes of 1893. De-

fendants, who held the original government title, offered testimony tending to show that defendant Hiram D. Wood called at the office of the township treasurer, and was told by him, after examination, that no taxes were assessed on the premises in question. The circuit judge charged the jury that, if this fact was established, defendants were entitled to a verdict. The jury so found, and the plaintiffs bring error.

It is not shown that any steps had been taken to have the deed to plaintiffs canceled. We think the court was in error in admitting this defense. Section 70 of the tax law (Act No. 206, Pub. Acts 1893) provides that: "No sale shall be set aside after confirmation, except in cases where the taxes were paid, or the property was exempt from taxation. In such cases the owner of such lands may move the court at any time within one year after he shall have notice of such sale, to set the same aside, and the court may so order upon such terms as may be just." Section 98 provides that if the auditor general shall discover, before a conveyance of said land is executed, either that the lands were not subject to taxation, or that the taxes had been paid to the proper officer before sale, or that a certificate that no taxes were charged against the land has been given to the owner, he shall withhold a conveyance, and that, if such a discovery be made after conveyance, a certificate of error shall be given. In *Wood* v. *Bigelow,* 115 Mich. 123, we held these two remedies to be concurrent. The question presented here is whether the original owner, without resorting to either, may defeat the title of the purchaser under a tax decree by showing on the trial of an action of ejectment that the tax has been paid, or, what is perhaps equivalent, that the owner has attempted to make payment, and that such attempt has proved unavailing through the fault of the officer whose duty it was to receive it. We think not. It is no hardship to require the owner to pursue one of the prescribed remedies before he shall be permitted to attack the decree.

Under section 98 no limit of time is fixed within which the auditor general may act. It becomes important to determine whether the facts shown by the defendants are such as to entitle them to have a certificate of error on a proper application, as, if such course is attempted, the question of the jurisdiction of the auditor general to act will necessarily arise upon another trial of this case, if one be found necessary. We think the provisions of this section should receive a liberal construction, to the end that a taxpayer justly entitled to relief may not be cut off from all remedy. *Hand* v. *Auditor General*, 112 Mich. 597. It is held in numerous cases that, if a landowner in good faith applies to the proper officer for the purpose of paying his taxes, and is prevented by the mistake, wrong, or fault of the officer, such attempt to pay is equivalent to payment. *Breisch* v. *Coxe*, 81 Pa. St. 336; *Gould* v. *Sullivan*, 84 Wis. 659 (20 L. R. A. 487, 36 Am. St. Rep. 955); *Edwards* v. *Upham*, 93 Wis. 455; *Loomis* v. *Pingree*, 43 Me. 299; *Forrest* v. *Henry*, 33 Minn. 434; *Kinsworthy* v. *Austin*, 23 Ark. 375. As there is no provision as to how the fact of payment shall be made to appear, it must be held that the auditor general may satisfy himself of the fact of payment (or, as in this case, attempt to pay rendered unavailing through the fault of the officer) by any competent proof, subject to review by the courts in a proper proceeding.

For the error pointed out, the judgment is reversed, with costs.

The other Justices concurred.