KNEELAND *v.* HYMAN.

TAX SALES—VALIDITY—COLLATERAL ATTACK—ATTEMPTED PAYMENT—REMEDIES—QUIETING TITLE.

The owner of land which has been sold for taxes cannot attack the decree of sale in a collateral proceeding on the ground that he was prevented from paying the tax by the conduct of the collecting officer, but, as held in *Kneeland* v. *Wood*, 117 Mich. 174, he must in such case resort to one of the remedies prescribed by sections 70 and 98 of the tax law (Act No. 206, Pub. Acts 1893). Where, however, instead of pursuing such course, a landowner sought to set up an attempted payment

as a defense in a suit to quiet title brought by the holder of
the tax deed, entry of decree was deferred, and defendant ·
given a reasonable time within which to avail himself of the
statute.

Appeal from Grand Traverse; Corbett, J.    Submitted
June 9, 1898.    Decided July 13, 1898.

Bill by Fred A. Kneeland and John H. Cole against
Herman Hyman to quiet title.    From a decree dismissing
the bill, complainants appeal.    Reversed.

Complainants are the owners of a tax title to the land
described in the bill of complaint, under a decree duly
entered for the delinquent taxes of 1893 and the sale
thereunder, having obtained the tax deed March 10, 1897.
Defendant was the original owner.    The land is wild and
unoccupied.    The bill sets up the deed under which the
defendant derived his title, alleges that it is a cloud upon
complainants' title, and prays for a decree that the title of
complainants be declared paramount to that of the defend-
ant.    The answer alleges payment of the tax in due time.
The court found that the taxes were not paid, but that
defendant, in March, 1895, applied to the county treasurer
to pay all the delinquent taxes upon the land; that the
treasurer informed him that there were no taxes due for
the year 1893; that the taxes were unpaid for 1894; and
that defendant paid them.    The payment of the 1894 tax
is conceded.    The court, upon the hearing, permitted
defendant to amend his answer by setting up the latter
defense.

*Tweddle & Cross*, for complainants.

*Pratt & Davis*, for defendant.

GRANT, C. J. (*after stating the facts*).    We pointed
out in *Kneeland* v. *Wood*, 117 Mich. 174, the two reme-
dies provided by the statute in case of payment, or where
the owner has been misled by the statement of the col-

lector. That was an action of ejectment, and we held that a collateral attack upon a decree rendered in a tax suit could not be made, but that the owner must resort to one of these two remedies. If he could not make a collateral attack at law, for the same reason he cannot make it in equity. Defendant should have availed himself of one of the above remedies.

Instead of resorting to the action of ejectment, complainants have chosen to go into a court of equity. It is the province of that court to protect the rights of all parties, and do justice between them, when it can be done. It is not only inequitable, but unjust, that a person should lose his land when he has made an honest effort to pay the tax, and has been misled by the statement of the officer, on which he had the right to rely. The law does not contemplate such a result. The case of *Kneeland* v. *Wood* had not been decided when this suit was heard. Undoubtedly counsel advised that the defense could be made in this suit. We think it equitable and just that the defendant should be given an opportunity to avail himself of either of the above remedies, should he see fit to do so.

The decree will therefore be reversed, and the case remanded, and 90 days given to the defendant within which to avail himself of the statute. The complainants will recover the costs of both courts.

The other Justices concurred.