NORTHRUP v. MANEKA.

1. TAX DEEDS — CERTIFICATE OF ERROR—AUTHORITY OF AUDITOR GENERAL—CONSTITUTIONAL LAW—JUDICIAL POWER.

Under section 98 of the tax law (1 Comp. Laws 1897, § 3921, as amended), authorizing the auditor general to issue a certificate of error setting aside a tax deed on finding that the tax was paid to the proper officer within the time provided by law, the auditor, in passing upon an application for such certificate, acts ministerially, rather than judicially, and hence the statute does not contravene section 1, art. 6, of the Constitution, vesting the judicial power in the courts.

2. SAME—ATTEMPTED PAYMENT OF TAX.

Under the statute cited, such certificate may issue on a finding that the landowner attempted to pay the tax, but was prevented by the act of the collecting officer.

Error to Mecosta; Palmer, J. Submitted March 8, 1901. Decided May 7, 1901.

Ejectment by William D. Northrup against Albert C. Maneka. From a judgment for defendant, plaintiff brings error. Affirmed.

*M. Brown*, for appellant.

*Frank Dumon* ( *A. B. Cogger*, of counsel ), for appellee.

LONG, J. Action of ejectment for the S. W. ¼ of the N. W. ¼, section 10, township 15 N., of range 8 W., Mecosta county. In March, 1897, this land was owned by Douglas Roben. He conveyed it during that month to the defendant, who went into immediate possession, and was in possession at the time of the commencement of this suit, in April, 1897, claiming title in fee. The plaintiff claims title through a certain tax deed issued by the auditor general to Ira Scott and William O'Connor, dated April 6, 1894, and recorded March 21, 1896. This tax deed was given on a sale for taxes delinquent for 1889. Scott and O'Connor deeded to the plaintiff by quitclaim in 1895.

This case came on for hearing in 1898, and was decided in favor of the plaintiff. That judgment was subsequently set aside, and a new trial granted, in 1899. At the first trial the defense set up was that Roben, the owner of the premises at the time the tax deed was issued, attempted to redeem the land from the tax sale within the time provided by law for that purpose. No proceedings had been had at that time by the defendant or his grantor to have this tax deed set aside by the auditor general. It appeared during the last trial that on November 5, 1899, Roben, who had given a warranty deed to the defendant, made an application in writing to the auditor general to cancel the sale of the land for the tax of 1889, and to issue a certificate of error thereon. It appears from the certificate made by the auditor general on the 17th of November, 1899, "that on April 26, 1893, application was made to the county treasurer's office to pay all taxes against said lands, which was within the time limited by law for redemption thereof." The auditor general issued the certificate of error. It appears further that on November 5, 1899, Mr. Roben paid to the State treasurer all the taxes for the year 1889, the same being received as of April 26, 1893.

In November, 1899, the court below granted leave to the defendant to amend his pleadings by adding a notice in

the nature of a plea *puis darrein continuance*, for the purpose of placing the defendant in a position to put his certificate of error in evidence at the trial of the cause. The trial came on in February, 1900, and resulted in a judgment for the defendant. The case was tried before the court without a jury, and findings of fact and law made. No exceptions were taken to the findings of fact, but exceptions were taken to the findings of law, for the reasons (1) that the judgment, upon the facts, should have been for plaintiff; (2) that the court held that the auditor general had jurisdiction to issue the certificate of error; (3) that, upon the whole record embraced in said findings, a judgment for the defendant was not warranted by law.

The principal question argued in the brief of counsel for plaintiff is that, under the Constitution of this State, the auditor general cannot try and determine the questions necessarily raised when application is made for certificates of error setting aside tax deeds, where there is a conflict of evidence, as that would be an exercise of judicial power, and that by section 1, art. 6, of the Constitution of this State, such judicial power is vested in the courts of this State, and not in ministerial officers.

The auditor general's proceeding in issuing the certificate of error for the cancellation of the tax deed was had under section 98, Act No. 262, Pub. Acts 1899. This section is substantially the same as section 98 of Act No. 206, Pub. Acts 1893. Several cases have been presented here where certificates of error were issued by the auditor general under the law of 1893, and in each case the authority of the auditor general has been recognized and upheld. In the case of *Wood* v. *Bigelow*, 115 Mich. 123 (73 N. W. 129), it was said:

"Under section 98, Act No. 206, Pub. Acts 1893, the auditor general, upon finding that the tax has been paid to the proper officer within the time limited by law for the payment or redemption thereof, is empowered, even after a deed has been executed and delivered, to give to the

owner a certificate of error in proper form for record; and the deed, if·not recorded, shall be surrendered when the purchase money is refunded."

It was held in *Hand* v. *Auditor General*, 112 Mich. 597 (71 N. W. 160), that the auditor general might withhold a deed for lands previously sold for taxes, where he discovered that the landowner, in good faith, had attempted to pay his taxes within the time provided by law. This same rule was laid down in *Kneeland* v. *Auditor General*, 113 Mich. 63 (71 N. W. 477), and *Kneeland* v. *Wood*, 117 Mich. 174 (75 N. W. 461). In *Mann* v. *Carson*, 120 Mich. 631 (79 N. W. 941), the issuance of a writ of assistance was stayed for 90 days to enable the owner of the land to apply to the auditor general to have a certain tax deed canceled.

In all of these cases the power of the auditor general has been recognized to issue certificates of error. The acts of the auditor general in issuing such certificates are ministerial, rather than judicial, and therefore not in conflict with the provision of the State Constitution before cited. It is a common condition of ministerial duty that the officer who performs it must satisfy himself, from proofs, that the facts exist which authorize him to act. Thus, in *Hartford Fire Ins. Co.* v. *Raymond*, 70 Mich. 485 (38 N. W. 474), the statute vested in the commissioner of insurance the power to· revoke the certificate granted to any insurance company to do business within this State when the company had violated certain provisions of the statute. In that case it was insisted that the commissioner in so acting had attempted to exercise judicial power, and it was held that the power exercised to grant or revoke the license was but ministerial, and not judicial. Counsel for defendant, in their brief, cite many other cases where persons exercising functions of ministerial offices are empowered by the statute to exercise duties requiring judgment and determination, which certainly could not be held judicial in their nature,—such as boards of review in the equalization of assessments, com-

missioners on claims against estates of deceased persons, referees in causes in the circuit courts, etc.

We think it cannot be said, under section 98, above cited, that the auditor general, in passing upon the question of fact presented to him upon the application, exercised any more than ministerial powers conferred upon him by the statute, and that his act was not in any manner in contravention of the Constitution of this State.

The other questions presented by counsel, we think, have no force, as, under the findings of fact made by the court below, the judgment was properly found in favor of the defendant.

The judgment must be affirmed.

The other Justices concurred.