JAKOBOWSKI v. AUDITOR GENERAL.

TAXATION — TAX SALES — NOTICE TO REDEEM — CERTIFICATE OF
     ERROR.

> A purchaser of land, holding under an unrecorded contract,
> who has paid the taxes due on the land, is entitled to a cer-
> tificate of error from the auditor general under section 98 of
> the general tax law, as relief against a sale for the taxes
> which he has paid, though the tax sale purchaser has served
> the notice provided by section 140 upon the record owner, the
> limitation provided by section 143 not being applicable to
> such a case.

Mandamus by August Jakobowski to compel James B
Bradley, auditor general, to issue a certificate of error.
Submitted February 26, 1906. (Calendar No. 21,530.)
Writ granted, April 30, 1906.

This is an application to compel the respondent to issue
a certificate of error, under section 98 of the general tax
law (Act No. 206, Pub. Acts 1893). The State Savings
Bank of Ionia owned the lands in fee simple. On Decem-
ber 15, 1899, it entered into a land contract with the re-
lator for their sale; the relator agreeing to pay the taxes.
Relator did not record his contract. Taxes were assessed
against the lands for the year 1900, were paid, and relator
has the receipt therefor. The lands were not returned
delinquent by the township treasurer, but by some mis-
take they were returned delinquent by the county treas-
urer, were sold at the annual tax sale, and bid in by the
State, and subsequently, on June 20, 1904, sold by the
State to one Miller. Miller caused a notice to be served
under Act No. 229 of the Public Acts of 1897, and acts
amendatory thereof, upon the bank, the last owner of the
recorded title. Nothing appears to have been done by the
bank, and the six months had expired. Relator, upon
learning the situation, applied to the respondent for a cer-

tificate of error.   The respondent refused, solely upon the ground that he was prohibited from canceling said sale or issuing a certificate of error by the provisions of section 143 of the general tax law (Act No. 229, Pub. Acts 1897, amended by Act No. 128, Pub. Acts 1901), which section reads as follows:

"Every person personally served with the notice provided for by act number two hundred twenty-nine of the public acts of eighteen hundred ninety-seven, and every person lawfully chargeable with such notice by registered mail, as provided for in said act, together with the heirs, executors, administrators, or assigns of such persons, who shall refuse or neglect to pay or tender to the purchaser as aforesaid, the sum provided for in said act within the time therein limited, and who shall have neglected within the said six months to commence suit to set aside the said tax deed, shall thereafter be barred from questioning the validity of such tax title or tax deed mentioned therein."

*R. A. & W. E. Hawley,* for relator.

*John E. Bird,* Attorney General (*Charles W. McGill* and *George L. Hauser,* of counsel), for respondent.

GRANT, J. (*after stating the facts*).   The relator contends that, under the repeated decisions of this court, he is entitled to the relief prayed.   He cites and relies upon the following decisions:   *Hand* v. *Auditor General,* 112 Mich. 597; *Wood* v. *Bigelow,* 115 Mich. 123; *Hough* v. *Auditor General,* 116 Mich. 663; *Carpenter* v. *Jones,* 117 Mich. 91; *Kneeland* v. *Wood,* 117 Mich. 174; *Kneeland* v. *Hyman,* 118 Mich. 56; *Hubbard* v. *Auditor General,* 120 Mich. 505; *Thomas* v. *Auditor General,* 120 Mich. 535; *Mann* v. *Carson,* 120 Mich. 631; *Northrup* v. *Maneka,* 126 Mich. 550; *Nowlen* v. *Hall,* 128 Mich. 274; *Cole* v. *Auditor General,* 132 Mich. 262; *Hoffman* v. *Auditor General,* 136 Mich. 689; *Kent* v. *Auditor General,* 138 Mich. 605.   It is unnecessary to quote from these decisions.   They fully sustain this provision of the law authorizing the auditor general to

cancel sales and deeds where the original owner has paid his taxes. With the wisdom of that provision we are not concerned. Undoubtedly the legislature desired to give the owner under such circumstances an inexpensive and speedy relief. We have repeatedly in the above decisions recognized this provision as valid. The attorney general concedes its validity. He, however, contends that by section 143 the auditor general is prohibited from taking such action after the expiration of six months given to the owner and taxpayer to appear and either take proceedings to contest the validity of the tax deed, or to pay double the amount of his tax, etc., and obtain a reconveyance.

Prior to the enactment of section 143, we held that no limit of time was fixed by section 98 for the action of the auditor general. *Kneeland* v. *Wood* and *Mann* v. *Carson*, supra. Did section 143 of the general tax law (Act No. 229, Pub. Acts 1897, amended by Act No. 128, Pub. Acts 1901) repeal the provisions of the law under which the above decisions were rendered as to the time within which the auditor general might act and impose a six months' limitation in all cases ? The language of the statute bars every person personally served, and "every person lawfully chargeable with such notice by registered mail," etc. Relator acted in good faith, and did all that the law required of him. He was guilty of no laches in not recording his contract. Only an innocent purchaser for value from the bank could defeat his title and rights under his contract of sale. He agreed to pay the taxes, and paid them, and took his receipt, and the township returned the taxes as paid. He was not called upon to take further action until the receipt of actual notice that his title was in jeopardy. He, having done his duty, had the right to rest upon the assumption that public officials would do theirs. Is he barred from the right of relief ? Is the grantee in an unrecorded deed, or the vendee of an unrecorded contract for the sale of land, barred because his vendor or grantor, when served with notice and having no interest, neglects to inform his grantee or vendee

that he has received such notice? We think the statute does not cover such a case. This is not a case where one of two innocent parties must suffer, or where the State will be deprived of its revenue. No party in interest will suffer by the cancellation of the deed. The State and municipalities have received their revenue due from the taxpayer. The taxpayer will retain his land as in justice he ought, and the holder of the tax deed will receive back his money from the State.

The writ will issue.

OSTRANDER, HOOKER, and MOORE, JJ., concurred. BLAIR, J., concurred in the result.