HAYWARD v. O'CONNOR.

1. TAXATION—TAX SALE—PETITION—DESCRIPTION OF LAND—SUFFICIENCY.

A petition for the sale of land for delinquent taxes described the land as the "N. E. ¼ of the N. W. ¼ of section 31, plat of Johnson City, town 25 N., range 13 W., village of Thompsonville," etc. The land never was a part of the plat of Johnson City. *Held,* that the words, "plat of Johnson City," were mere surplusage, did not render the description doubtful, and that the petition conferred jurisdiction to render a decree for the sale of the land.

2. SAME—SETTING ASIDE SALE—PAYMENT OF TAX.

   Assurance by the county treasurer, at the time a landowner
   pays his State and county tax, that there are no other taxes
   standing against the land, is equivalent to payment of any
   other tax then due, and, in case of a sale, entitles the land-
   owner to have the sale set aside under section 70 of the tax
   law (§ 3893, 1 Comp. Laws).

3. SAME—NOTICE OF SALE—SUFFICIENCY.

   . Where a landowner was notified by letter, more than a year
   before he began proceedings, that his land had been sold for
   taxes, he is not entitled to have the sale set aside, though
   •his proceedings were begun less than a year after the tax
   purchaser served him with the notice to redeem required by
   section 140 of the tax law (§ 3959, 1 Comp. Laws).

Appeal from Benzie; Chittenden, J.   Submitted April
20, 1906.   (Docket No. 114.)   Decided July 9, 1906.

Petition by Zachariah Hayward against William O'Con-
nor, trustee, and James B. Bradley, auditor general, to
set aside the sale of land delinquent for taxes.   From
a decree dismissing the petition, petitioner appeals.   Af-
firmed.

*Louisell & Nevius*, for petitioner.

*Albert McClatchey*, for defendant O'Connor.

CARPENTER, C. J.   Petitioner was the owner of the N.
E. ¼ of the N. W. ¼ of section 31, town 25 N., range 13
W., situated in the village of Thompsonville, in the
county of Benzie, in this State.   At the annual tax sale
held in 1902 this property was sold for the nonpayment of
village taxes in pursuance of a decree made by the circuit
court for the county of Benzie, in chancery.   It was bid
off by the State and subsequently sold to defendant O'Con-
nor.   A deed was issued to him on the 15th of May, 1903.
August 9, 1905, these proceedings were instituted, where-
by petitioner asked the said circuit court for the county of
Benzie, in chancery, to set aside said sale.   Defendants
were duly served, their answers filed, and a decree made

dismissing said petition. From that decree petitioner appeals.

He contends that the proper practice was not pursued in hearing his petition in the lower court, and urges that for that, and for many other reasons, the decree appealed from should be reversed. We need not consider those reasons, because, as we shall endeavor to show, petitioner was not entitled to relief.

The grounds upon which petitioner asks for the vacation of the decree ordering his land sold are two, viz.:

(1) That the court had no jurisdiction to pronounce the decree.

(2) That the taxes on the land had been paid.

We will consider each of these questions separately.

1. Had the court jurisdiction to render the decree? The ground upon which petitioner attacks the jurisdiction of the court is that the land was not properly described. The land was described as the N. E. ¼ of the N. W. ¼ of section 31, plat of Johnson City, town 25 N., range 13 W., village of Thompsonville, State of Michigan, county of Benzie. The only defect in said description is that the words "plat of Johnson City" should have been omitted. Petitioner avers that "in truth and in fact the said description of land never was a part of the plat of Johnson City." The words "plat of Johnson City" were surplusage, and did not render the description doubtful. The court, therefore, had jurisdiction.

2. Was petitioner entitled to relief upon his claim that the taxes had been paid? Petitioner does not claim that the taxes were actually paid. Indeed, he says that they had not been paid; but he avers that the county treasurer had assured his grantor, at the time the latter was paying the State and county taxes against the land, that there were no other taxes against the same. This we have held was equivalent to payment. *Kneeland* v. *Wood*, 117 Mich. 176; *Hoffman* v. *Auditor General*, 136 Mich. 689.

The law which entitled petitioner to the order asked for

is found in section 70 of the general tax law (see section 3893, 1 Comp. Laws), and reads as follows:

" *Provided further,* That no sale shall be set aside after confirmation, except in cases where the taxes were paid, or the property was exempt from taxation. In such cases the owner of such lands may move the court at any time within one year after he shall have notice of such sale to set the same aside and the court may so order upon such terms as may be just."

The record in this case shows, and petitioner concedes, that on the 13th of September, 1903, nearly two years before these proceedings were instituted, he received a letter from defendant O'Connor informing him of the sale in question. Later, on the 12th of August, 1904, defendant O'Connor served the notice requiring petitioner to redeem as required in sections 140 and 141 of the general tax law (sections 3959, 3960, 1 Comp. Laws) of this State.

Petitioner contends that not until this second notice was served did he have notice of such sale. This contention is unsound. When the owner of land has notice—no matter how he obtains that notice—that his land has been sold for taxes, he must, if he desires to have the sale set aside by the circuit court, take proceedings within one year. This the petitioner did not do.

The decree dismissing the petition is affirmed.

McALVAY, MONTGOMERY, OSTRANDER, and MOORE, JJ., concurred.