HAYWARD *v.* AUDITOR GENERAL.

TAXATION—TAX DEEDS—CANCELLATION.

There is no statutory impediment to cancellation by the auditor general of a tax deed or sale by the State after notice and the expiration of the period of six months referred to therein. GRANT, J., dissenting.

Mandamus by Zachariah Hayward to compel James B. Bradley, auditor general, to cancel a tax deed. Submitted November 7, 1906. (Calendar No. 21,938.) Writ granted March 26, 1907.

*M. E. Louisell,* for relator.

*John E. Bird,* Attorney General (*Charles W. McGill,* of counsel), for respondent.

HOOKER, J. I am of the opinion that there is no statutory impediment to cancellation by the auditor general of a deed or sale by the State after notice and the expiration of the period of six months referred to therein (see *Jakobowski* v. *Auditor General*, 144 Mich. 46; *Shaaf* v. *O'Connor*, 146 Mich. 504), and that relator's laches, if the delay may be so called, under the circumstances, should not preclude the granting of his application to the auditor general.

The writ should issue.

McALVAY, C. J., and CARPENTER, BLAIR, MONTGOMERY, OSTRANDER, and MOORE, JJ., concurred with HOOKER, J.

GRANT, J. (*dissenting*). For the main facts in this case see *Hayward* v. *O'Connor*, 142 Mich. 230, 145 Mich. 52.

After the last decision was rendered the relator applied to the auditor general for a cancellation of the deed issued to Mr. O'Connor. Relator received a letter from Mr. O'Connor September 13, 1903, notifying him of the sale. To this he paid no attention for nearly two years. On August 12, 1904, notice was served upon him under sections 140 and 141 of the general tax law. (Sections 3959, 3960, 1 Comp. Laws.) To this he paid no attention until after the six months had expired, and for a year lacking two days. He then, in March, 1905, applied to the auditor general for cancellation of the deed. His application was refused. He then instituted a suit in court to set aside the deed.

The object now sought to be attained is the same as that sought in the former suit and in his first application to the auditor general for a cancellation of the deed. The law gives ample time for the taxpayer to proceed in some forum to obtain the annulment of a tax deed against his land. This the relator failed to do, and no sufficient excuse is alleged for not doing so. There should at some time be an end of litigation. *Sayers* v. *Auditor General*, 124 Mich.

259. The decision in *Hayward* v. *O'Connor,* 145 Mich. 52, was an adjudication upon the jurisdictional question; and, after reciting the facts, the opinion states:

" When the owner of land has notice—no matter how he obtains that notice—that his land has been sold for taxes, he must, if he desires to have the sale set aside by the circuit court, take proceedings within one year. This the petitioner did not do."

Relator based his claim of want of jurisdiction upon an alleged misdescription of the property, but this court held it good. Relator admits that the village tax for which the property was sold was not paid. His tax receipt showed no village taxes, but only county, State, highway, and school taxes. Whether this was sufficient to put a prudent man upon inquiry, knowing that his property was subject to a village tax, we need not determine. It is sufficient to say that he did know that Mr. O'Connor had a tax deed based upon the village taxes for 1899, that the records showed such a tax, and that the law provided a way by which he could obtain a reconveyance of his title. He might have obtained a reconveyance under the statute by paying less than $50. Instead, he chose to rest a year, and then indulge in expensive litigation. His delay in not complying with the statute is unexcused. He had not moved promptly or with reasonable diligence, and his application was properly denied.

This is not a case of want of notice or of acting in good faith, as was the case of *Jakobowski* v. *Auditor General,* 144 Mich. 46, where the taxes had been paid. Neither is it like the case of *Shaaf* v. *O'Connor,* 146 Mich. 504, where, in an opinion rendered by Brother HOOKER, it was said that the auditor general when applied to *seasonably* should cancel a sale where the tax has been paid. In both these cases the landowners had paid their taxes. We held that the statute gave them the right to raise this question at any time where they had acted seasonably, and authorized the auditor general to

147 MICH.—38.

cancel the deed. The reason and justice of this interpretation of the law are fully stated in *Jakobowski* v. *Auditor General.*

In this case the relator admits that he had not paid his taxes. He had an opportunity for his day in court. Even when notified of the tax title, he took no steps for a year. In *Shaaf* v. *O'Connor*, supra, we did not determine whether the relator had acted seasonably.

The writ of mandamus should therefore be denied.