FITSCHEN v. OLSON.

1. EVIDENCE—PLEADING—JUDICIAL NOTICE — TAX DEEDS — RECITALS.

In passing on a demurrer to a bill to set aside certain notices of tax sales, judicial notice cannot be taken of the form or recitals of deeds, nor whether they are void upon their face, where the deeds are not made to appear as a part of the pleadings.

2. PLEADING—AMENDMENTS—NEW FACTS.

Where an amended bill of complaint to set aside certain notices of tax sales for the first time makes certain tax deeds a part of the pleadings, new facts are presented from which the court can determine their validity.

3. TAXATION—TAX DEEDS—VOID ON FACE—EFFECT— NOTICES OF SALE.

A tax deed void on its face is a nullity; and a notice of sale based thereon must fail.

4. SAME—TAX DEEDS — STATUTE OF LIMITATIONS — ADVERSE POSSESSION—COLOR OF TITLE.

A tax deed, to be sufficient to set the statute of limitations in operation, must of itself be prima facie evidence of title. It is not necessary that it be sufficient to withstand all evidence brought against it to show that it is bad, but it must appear to be good on its face; and when the deed discloses upon its face that it was issued in violation of law, the law will not assist it.

5. SAME—TAX SALES—VALIDITY—OWNER'S RIGHTS.

A notice of sale, under section 140 of the tax law, to be effective, must be based on a valid deed; and, under section 143, owners are not barred by neglecting to redeem after the service of a notice based on a deed void on its face.

6. EQUITY—INJUNCTION—JURISDICTION—RESTRAINING TRESPASSES.

Where defendants have placed upon record tax deeds void upon their face, have served notices of sale based thereon, and have attempted to convey the timber growing on the land, a court of equity has power to restrain a continued trespass, and, having obtained jurisdiction for such purpose, will retain it to give such full relief as will finally dispose of the controversy.

Appeal from Iron; Stone, J. Submitted November 9, 1908. (Docket No. 105.) Decided January 4, 1909.

Bill by J. Frederick Fitschen and Ellen D. B. Williams, executors of the last will and testament of George R. Williams, deceased, against Mary E. Olson and others to set aside certain notices of tax sales, and to restrain trespasses upon land. From an order overruling a demurrer to the bill, defendants appeal. Affirmed.

*J. F. Carey*, for complainants.

*Isaac W. Byers*, for defendants Olson.

MOORE, J. This case has been before this court before. It is reported as *Williams* v. *Olson*, 141 Mich. 580. A reference thereto will make it unnecessary to make so long a statement of facts as would otherwise be necessary. After the opinion was handed down an amended bill of complaint was filed. A demurrer was interposed to the amended bill and was sustained. The complainant then filed a second amended bill of complaint. A demurrer was then interposed and overruled, and defendants were given 30 days in which to answer. Instead of answering, the defendants have appealed.

It is insisted the case was heard upon its merits when here. It is also insisted that, as the complainants did not appeal from the order sustaining the demurrer to the amended bill of complaint, the issues involved in the case have become res adjudicata. In disposing of the last demurrer, the learned circuit judge filed a written opinion, which is so able that we quote it:

"The cause is now before the court upon the demurrer of the defendants to the second amended bill of complaint. An inspection of this demurrer will show that it is identical with the demurrer to the first amended bill of complaint, save that it adds an eighth ground of demurrer as follows:

" ' For that all matters and facts set forth and alleged in said bill of complaint have been fully passed on and adjudicated by this court, and the Supreme Court of this State in this cause.'

"Let us first inquire whether this statement is true as matter of fact and in law. This involves the question whether the first and second amended bills of complaint are identical in their allegations. In deciding the questions raised upon the demurrer to the first amended bill of complaint we said:

" ' The main question presented by these amendments arises under the decision in *Monaghan* v. *Auditor General*, 136 Mich. 247. As in that case so in this the land in controversy was sold as State tax lands, and as delinquent lands at the county treasurer's sale in May, 1901. While the dates of the deeds do not appear, yet it does appear that the notices were served in the months of September and October, 1901. So it appears that the deeds were issued and the notices were served before the expiration of the period of redemption. While the deeds are not set forth in the bill, and we cannot take notice of their recitals, it does appear that the deeds on their face purport to convey absolute title as is provided by section 72 of the tax law (1 Comp. Laws, § 3895), for other deeds issued by the auditor general. * * * As I have already said, the bill of complaint in this case does not set forth the deeds, and I cannot say whether they were void on their face or not. From all that appears by the bill of complaint the tax deeds in question were color of title. Though void, they would be clouds upon complainant's title, and he would, if not cut off, have the right to take steps to get rid of them.'

"In giving my reasons for denying the motion of defendants to strike from the files the second amended bill of complaint, I said:

" ' It is true that the first amended bill sought to raise the question that the deeds of the defendant Mary E. Olson were prematurely issued by the auditor general, but the dates of the deeds were not alleged, nor were they set forth either in substance or form, and the pleading was therein defective. The court was unable to determine whether or not they were void upon their face. It could not take judicial notice of their form, for it is notorious that their forms vary from time to time. In the case of *Detroit, etc., R. Co.* v. *McCammon*, 108 Mich. 368, cited by defendant's counsel, it was said that the additional facts set up are amplifications of the facts set up in the former bill. Is that so here? I think that by setting forth the deeds in full new facts are stated,

and the court for the first time is enabled to know the forms and dates of these deeds. As already said, it could not take judicial notice of their forms nor their dates, nor whether they were void upon their face or not. It could only be inferred that their dates were prior to the dates of the notices served. The date of the purchases only was given in the first amended bill. These deeds are now by reference made a part of the bill of complaint, and, in my judgment, now that they are for the first time before the court, and their infirmity appears upon inspection, important questions are raised, which I do not think it proper, to decide until an issue is raised upon their force or validity. I was purposely guarded upon this point in my reasons for sustaining the demurrer to the amended bill. That matter is now made clear by the pleading. If void upon their face, what effect is to be given to them in a chancery case? These are matters to be disposed of at the proper time.'

"After a careful consideration of the arguments of counsel and the authorities cited, I must adhere to my views above expressed. I must hold that by the allegations of the second amended bill of complaint, and the demurrer thereto (which admits the facts pleaded), does it appear for the first time in the cause that the said deeds so issued to Mary E. Olson were void upon their face. Being void upon their face, they were a nullity; and it is as though no deeds had been issued by the auditor general. If this is true, then the notices given must fall. Surely this question has not before been adjudicated by this court in this cause. So it must be held that the eighth ground of demurrer is not well taken.

"Referring to the authorities cited by me in disposing of the demurrer to the first amended bill of complaint upon the question of color of title, and after an examination of the authorities cited by counsel, I must hold that the auditor general had no lawful power to issue these deeds when they were issued, that their infirmity appeared upon their face, and that, they being void upon their face, the notices were of no avail, and that it is as though no notices had ever been given. I am aware that authority can be found in other States holding that a tax deed void on its face is color of title, but I do not believe that to be the law of this State. I believe that a tax deed to be sufficient to set the statute of limitations in operation must of itself be prima facie evidence of title. It is not necessary that it be sufficient to withstand all evidence brought against it to show that it is bad; but it must appear to be good on its face. When the deeds, as in this

case, disclose upon their face that they were issued in violation of law, the law will not assist them. In *Redfield* v. *Parks*, 132 U. S. 239, the Supreme Court of the United States said:

" 'We think that both the weight of authority and sound principle are in favor of the proposition that, when a deed founded on a sale for taxes is introduced in support of the bar of a possession under these statutes of limitations, it is of no avail if it can be seen upon its face, and by its own terms, that it is absolutely void.'

" Limitations do not run in favor of a tax deed void on its face. *King* v. *Lane* (S. Dak.), 110 N. W. 37; Black on Tax Titles (2d Ed.) § 497; Cooley on Taxation (1st Ed.), p. 379. The case of *Moore* v. *Brown*, 11 How. (U. S.) 414, seems to be in point. The defendant in that case claimed under a tax deed void upon its face, because issued 'short of the time prescribed by the act.' It was held that a statute of limitations would not aid such a deed. This case is discussed, quoted from, and approved by Chief Justice Cooley in the case of *Toll* v. *Wright*, 37 Mich. 93–99. The mode of determining whether a deed is void upon its face, it is said:

" 'Is to test the deed by making a reference to the authority recited in it for making the sale, in connection with the act giving the auditor power to sell. When the sale is found not to be in accordance with that power, the deed is void upon its face, because the action of the auditor is illegal, and the law presumes it to be known to a purchaser.'

"Applying that reasoning to this case, it must appear that the sale, as evidenced by the deeds, was not a sale according to law. See, also, *Millar* v. *Babcock*, 29 Mich. 526. In the case of *Griffin* v. *Jackson*, 145 Mich. 23, the court said, speaking of a tax deed similar to those involved in this case:

" 'The auditor acted under a statute without any discretion. His act, a ministerial one, was unauthorized because premature. To say that the deed would become valid by lapse of time, would be to open the door to parol proof on the question of attempts to redeem, when, a deed having issued, the auditor would not be likely to permit redemption. The courts are not hasty in cutting off the rights of landowners whose lands have been sold for taxes, and we are of the opinion that this question should be governed by the usual policy.'

" It will be noted that Judges OSTRANDER, McALVAY, and BLAIR concurred in affirming the judgment in *Griffin* v. *Jackson* on the ground that Allen's tax deed was, upon the authority of *Monaghan* v. *Auditor General*, void on its face, and that upon the authority of *Morse* v. *Auditor General*, 143 Mich. 610, mere lapse of time—that is to say, the passing of the redemption period—would not make it a good deed, and that Allen was, therefore, entitled to no notice from plaintiff, and want of such notice could not aid the appellant. To hold that the six months' notice given under a tax deed void on its face is valid, would be to do away with all distinction between a deed void on its face, and one prima facie valid. A tax deed void on its face is as invalid as no deed, and we might as well hold that the service of the notice dispenses with the deed altogether. This court has already held that a tax notice served under a premature deed, like those involved in this case, was unavailing, and would not set the statute running, and we must adhere to that holding. There is nothing sacred in the service of a notice. To be of any avail, there must be back of it a deed fair upon its face. The notice provided for in section 140 of the tax law asserts that sale has been lawfully made, and that the signer thereof has title to the land under tax deed issued for unpaid taxes thereon. The Supreme Court has held that the auditor general might cancel a tax deed after a notice, and the expiration of the six months. *Hayward* v. *Auditor General*, 147 Mich. 591; *Jakobowski* v. *Auditor General*, 144 Mich. 46; *O'Connor* v. *Carpenter*, 144 Mich. 240. It must therefore be held that complainants are not barred by section 143 of the tax law, and that no valid tax notice has been served, as is required by the statute.

" It may be claimed that the complainants have no standing in a court of equity, and that they have an adequate remedy at law. It seems to me, however, that, where defendants have placed upon record deeds like these, have claimed to serve the notices, have attempted to convey away a part of the timber, and have commenced to denude the land of valuable timber as here alleged, a court of equity has power to restrain the continued trespass, and, having obtained jurisdiction for such purpose, will retain it, to give such full relief as will finally dispose of the controversy. *Hall* v. *Nester*, 122 Mich. 141.

" For the reasons stated, the demurrer of the defend-

ants must be overruled, and, under the provisions of subdivision e of Chancery Rule 9, the defendants should be permitted to answer the second amended bill of complaint within 30 days from the entry of the order overruling said demurrer."

The decree is affirmed, with costs.

GRANT, OSTRANDER, HOOKER, and McALVAY, JJ., concurred.