GOLDSBORO *v.* LUCAS.

*In re* PETITION OF AUDITOR GENERAL.

1. TAXATION—SCAVENGER SALE—GOOD-FAITH EFFORT TO PAY TAXES —NOTICE OF IRREGULARITY.
     Sale of two lots to defendant purchaser at so-called scavenger sale is set aside at suit of plaintiffs who had made a good-faith effort to pay taxes on them, had erected a house thereon and then had sold them to other parties, where it appears that the county treasurer had failed to notify plaintiffs of nonpayment of taxes as he had agreed to do and the lots were appraised by defendant State land office board as vacant lots and sold as such to defendant purchaser who knew plaintiffs had erected a house on them, on condition that plaintiffs pay purchaser amount of his bid and interest and that he in turn account and pay plaintiffs any rents or profits received.

2. SAME—COSTS.
     No costs are awarded upon affirmance of decree for plaintiffs in suit to set aside deed given by State land office board at scavenger sale where it appears plaintiffs had made a good-

---

* See 3 Comp. Laws 1929, § 14008 (Stat. Ann. § 27.652).—REPORTER.

faith effort to pay the taxes through nonpayment of which the State acquired title and defendant purchaser knew that plaintiffs had made improvements thereon although the lots had been appraised as vacant lots by the board and he purchased them with notice of the irregularity.

Appeal from Oakland; Doty (Frank L.), J. Submitted October 6, 1943. (Docket No. 16, Calendar No. 42,370.) Decided December 29, 1943.

Bill by James Goldsboro and wife against Halsey Lucas and State Land Office Board to set aside deed. Cross bill by defendant Lucas against plaintiffs for the appointment of a receiver.

Petitions by above plaintiffs in the matter of the petition of the Auditor General for sale of lands for taxes for 1936 for a modification of decree and in the nature of a bill of review.

Cases consolidated. Decree for plaintiffs. Defendants appeal. Affirmed.

*Edward J. Fallon* (*Albert McClatchey,* of counsel), for plaintiffs.

*H. Eugene Field* (*Howarth & Allen,* of counsel), for defendant Lucas.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Elbern Parsons* and *Daniel J. O'Hara,* Assistants Attorney General, for State Land Office Board and Auditor General.

BUTZEL, J. On October 28, 1939, James Goldsboro and wife, plaintiffs, purchased lots 131 and 132 and 10 other lots in Kesh-Dale Park subdivision in Troy

township, county of Oakland, Michigan, subject to the unpaid taxes thereon. The day previous Mr. Goldsboro, referred to herein as appellee, went to the Oakland county treasurer's office to secure statements so as to pay the taxes on the 12 lots. The treasurer gave appellee a statement for the unpaid taxes amounting to $503.72 on the lots for 1935 and prior years, and appellee paid this amount on October 31, 1939. The treasurer told appellee at that time that he would have to ascertain the amount of the taxes levied subsequently to 1935 from the authorities in Lansing and that he would send for the information and mail appellee a statement of these taxes as soon as the information was received. After waiting a reasonable length of time, appellee went to the treasurer's office and was told that the information had not yet arrived but it would be mailed to him upon its arrival. Appellee made still another trip from his home in Detroit to the treasurer's office in Pontiac with the same result. On December 18, 1939, the county treasurer mailed appellee a statement of the 1936, 1937 and 1938 taxes on 10 of the lots specifically named but no mention was made of the other two lots, Nos. 131 and 132, of the same subdivision. Upon receipt of the letter, appellee promptly sent a draft for $32.40, the amount mentioned, and asked the treasurer to send him a statement as to lots 131 and 132. The county treasurer never replied to this letter and plaintiffs concluded from his silence that the taxes on lots 131 and 132 had been included in the payment of $32.40, though the treasurer had not mentioned them in his last letter. Plaintiffs erected a house on lots 131 and 132 and sold it. The 1936 taxes on lots 131 and 132, however, not having been paid, they were sold for 1936 taxes to the State of Michigan under a decree of the circuit court for the county of Oakland

in chancery. Subsequently they were sold by the State land office board at a "scavenger" tax sale to defendant Lucas.

Plaintiffs thereupon filed a bill to have the tax sale set aside because of mistake, inadvertence and causes beyond their control. They also petitioned for a modification of the decree in the original suit by virtue of which the land was sold for taxes to the State of Michigan. They also filed what they called "a petition in the nature of a bill of review" in the original suit. The bill of complaint and petition were consolidated for the purpose of hearing, and decree was rendered granting plaintiff the relief sought. Defendants appeal.

The trial judge entered a decree in the chancery suit instituted by plaintiff and the consolidated petition to modify the decree in the original chancery suit brought by the State to foreclose liens for the year 1936, so we need not discuss the questions raised in regard to the attempt to rehear such original chancery suit. The judge in his decree in the case at bar reviewed the proceedings and stated that the county treasurer through error or oversight did not answer appellee's letter in regard to the.1936 taxes, although it is conceded that he received it. It is true that the county treasurer was not obliged to write to appellee, but having undertaken to do so, appellee was put off his guard and it readily can be seen how a mistake occurred. The tax accountant of the county treasurer's office testified that there had been so much work at the time and such insufficient personnel that it took six or eight months in which to answer letters. The trial court stated that he was fully satisfied as to the good faith of the plaintiffs, that there was a mistake by the treasurer in not including lots 131 and 132 at the time he notified appellees of the amount of the taxes and a fur-

ther mistake in failing to reply to the subsequent letter, and that under the circumstances plaintiff was led to believe after the lapse of six months that the 1936 taxes which could amount to but little had been paid. The judge further stated in his decree. that there was some notice of irregularity when the purchase was made by defendant Lucas at the "scavenger" sale, as the lots were appraised as vacant lots and sold for $12.50 each and Lucas knew that plaintiffs had built a house on them.

While the case presents a very close question, we believe that under the particular facts the judge was correct in setting aside the sale on the condition that appellees pay to Lucas $25, the amount of his bid, and also interest thereon, and that Lucas in turn account for and pay plaintiffs any rents or profits he has received from the property. The case somewhat resembles *Hand* v. *Auditor General,* 112 Mich. 597, and *Hough* v. *Auditor General,* 116 Mich. 663, where relief was granted. To like effect see *Kneeland* v. *Wood,* 117 Mich. 174; *Kneeland* v. *Hyman,* 118 Mich. 56.

The decree of the lower court is affirmed, but without costs.

Boyles, C. J., and Chandler, North, Starr, Wiest, Bushnell, and Sharpe, JJ., concurred.