RALEY v. BITTER, Tax Collector.
(No. 5338.)

(Court of Civil Appeals of Texas.    San An-
tonio.    Oct. 28, 1914.    Rehearing
Denied Nov. 18, 1914.)

1. TAXATION (§ 500*)—SUITS FOR TAXES—
PARTIES ENTITLED TO MAINTAIN.
  Suits for taxes are brought in the name of
the state; hence a property owner cannot sue
a tax collector to compel him to cancel invalid
tax assessments which constitute a cloud on her
title because he would not institute an action
thereon; it not appearing that he had author-
ity to do so.
  [Ed. Note.—For other cases, see Taxation,
Cent. Dig. §§ 925–930; Dec. Dig. § 500.*]

2. TAXATION (§ 500*) — COLLECTION — POWER
OF COLLECTOR.
  The tax collector is not empowered to make
out the rolls, his sole duty being to collect the
taxes; hence suit cannot be maintained against
him to cancel an invalid tax assessment.
  [Ed. Note.—For other cases, see Taxation,
Cent. Dig. §§ 925–930; Dec. Dig. § 500.*]

3. TAXATION (§ 608*)—WRONGFUL ENFORCE-
MENT—INJUNCTION.
  Where the tax collector refused to sue to
enforce void tax liens, the property owner is
not entitled to an injunction to prevent suit.
  [Ed. Note.—For other cases, see Taxation,
Cent. Dig. §§ 1230–1241; Dec. Dig. § 608.*]

4. TAXATION (§ 552½*)—COLLECTION—POWER
OF COLLECTOR.
  Only the commissioners' court can release
property from void tax liens, and the tax col-
lector is without power to do so.
  [Ed. Note.—For other cases, see Taxation,
Cent. Dig. § 1067; Dec. Dig. § 552½.*]

5. TAXATION (§ 500*)—LIEN—SETTING ASIDE
—PETITION—EXHIBITS.
  In a suit against a tax collector to cancel
alleged void tax liens, a statement of the taxes,
showing the years for which they were due
and the lots incumbered, which accompanied the
petition, constitutes a part thereof, and the
petition is not bad because not stating with
particularity the property incumbered.
  [Ed. Note.—For other cases, see Taxation,
Cent. Dig. §§ 925–930; Dec. Dig. § 500.*]

  Appeal from District Court, Bexar County;
S. G. Tayloe, Judge.

  Action by Jennie Raley against John A.
Bitter, Tax Collector.    From a judgment for
defendant, plaintiff appeals.    Affirmed.

  James Raley, of San Antonio, for appel-
lant.    Dan Lewis and W. S. Anthony, both
of San Antonio, for appellee.

  CARL, J.    Appellant, Jennie Raley, brought
suit against John A. Bitter, tax collector of
Bexar county, appellee, and, as grounds of
said suit alleged, substantially: That she is
the owner of certain lots of real estate in the
city of San Antonio, and that there are back
taxes that appear to be due thereon and a
lien on the property for various years from
1886 down to 1901, on others from 1886 down
to 1905, and on still others from 1898 down to
1910.    But it is alleged that all of the taxes
are illegal and void on account of improper
assessments, and still constitute a cloud on
the title.    It is also alleged:

  "That the officers of state and county charged
with the assessment and collection of taxes for
the year 1894 have fraudulently charged to the
above property $56.62 and $63 interest, when
$4 or $5 was the very largest amount that
could be saddled upon it."
  "Plaintiff says she has importuned the county
officers ·to bring suit to collect these taxes and
they have refused to do so."
  "Plaintiff asks for a decree clearing the title
of the above property from the cloud now rest-
ing upon it and for an injunction restraining the
collection of such taxes, but if the court should
find that any part of said taxes are a legal
charge on the property, she expresses a willing-
ness to pay it."

  The trial court sustained exceptions to
the petition on the following points: (1) Be-
cause the tax collector of Bexar county has
no power to relieve the property of any such
lien for state and county taxes; (2) because
the petition is vague and indefinite, in that
it does not appear therefrom what property
is incumbered with taxes for particular
years; (3) because the petition charges coun-
ty officers with fraud in the assessment of
interest and penalties, and does not specify
what officers did this; (4) because plaintiff
has an adequate remedy at law under arti-
cles 7702, 7703, and 7704 of the Revised Stat-
utes of 1911; and (5) because no right to
equitable relief appears in the bill.

  The plaintiff declined to amend, and her
suit was dismissed, and from the order of
dismissal this appeal is prosecuted.

  [1, 2] Counsel for appellant, in his brief
argument, says:    "When the best lawyers are
trying to raise the standard of legal learning,
it is not wise to offer a premium on igno-
rance"—and again:    "Poor Richard says,
'Necessity knows no law,' and I know some
attorneys in the same condition"; and this
court is somewhat inclined to agree with
those statements.    At the same time, we are
unable to determine upon what theory appel-
lant predicates her right to the relief prayed
for in this case.    It is alleged that the offi-
cers (which must be taken to include appel-
lee) have refused to bring a suit to enforce
collection of the taxes, although they have
been importuned to do so.    And it is not
charged that the tax collector has the right
or power in law to do that which this suit
seeks to compel him to do.    Appellant must
know that suits for taxes are brought in the
name of the state of Texas.    The collector
could not even make a correction or adjust-
ment of the taxes, for that right rests with
the commissioners' court.    The assessor makes
up the rolls, and the sole duty of the collec-
tor is to collect the taxes and pay them over
where they properly belong.

  [3, 4] The proposition of appellant that
"injunction is the proper remedy to prevent
the collection of taxes under a void assess-
ment" has absolutely nothing to do with this
case, because the petition itself shows that
Bitter has refused to make any attempt to
collect the taxes.    This court knows of no

'law that gives the tax collector any right to release property from tax liens, whether they be "void liens" or otherwise; and we had always thought that the commissioners' court was the proper body to exercise that function, if exercised at all.

[5] The court did not err in sustaining the exceptions mentioned, unless in sustaining the one referred to in No. 2 above. The statement of the taxes showing the years for which same were due and the lots incumbered thereby was attached to the petition and made a part of it. This becomes immaterial, in the disposition we make of the case, and the judgment is affirmed.