### STATE v. DAVISSON et al. (No. 46.)*

(Court of Civil Appeals of Texas. Eastland. Nov. 20, 1925. Rehearing Denied Jan. 29, 1926.)

1. Taxation ⬅—592—Defense pleaded to action by state for delinquent taxes held plea of estoppel in pais.

In suit by state to recover delinquent taxes against purchaser of land from commissioner of banking, plea that prior to purchase tax collector had issued certificate that taxes had been paid, and that plaintiff relied on certificate and was without recourse if obliged to pay taxes, *held* to constitute a plea of estoppel in pais and not plea of payment.

2. Estoppel ⬅—62(5)—State not estopped by acts of officers acting within apparent scope of their authority.

A state is not estopped by act of its officers, acting within the apparent scope of their authority, this being the rule with regard to individuals and corporations generally.

3. Taxation ⬅—587—Reliance on certificate of tax collector held proper defense in action by state for delinquent taxes.

In suit by state to collect delinquent taxes against purchaser from banking commissioner, plea of estoppel in pais, based on issuance of certificate of tax collector that taxes had been paid, on which purchaser claims to have relied, and alleging that purchaser has no recourse against banking commissioner, is a proper defense, under Rev. St. 1911, art. 7689a, as added by Acts 38th Leg. (1923) 2d Called Sess. c. 13, § 6, as against state.

4. Taxation ⬅—593(3)—Estoppel against recovery of past-due taxes not proved, in absence of showing of injury.

In action by state for collection of delinquent taxes against purchaser from banking commissioner, plea of estoppel in pais, based on certificate of tax collector that taxes had been paid, on which purchaser claimed to have relied, *held* not proved, in absence of showing that purchaser was without recourse against banking commissioner if forced to pay taxes.

Appeal from District Court, Eastland County; George L. Davenport, Judge.

Suit by the State against G. A. Davisson and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

Grisham Brothers, of Eastland, for the State.

W. J. Rogers, of San Antonio, for appellees.

PANNILL, C. J. In answer to a suit brought against him by the state of Texas to recover delinquent taxes regularly levied, assessed, and shown to be delinquent, appellee Davisson pleaded that the taxes sued for had been fully paid. The payment alleged was predicated upon the following facts: Appellee purchased the property against which the taxes had been assessed from the commissioner of banking, who had charge of the property as legal receiver of an insolvent state bank, the owner. Prior to the sale, the commissioner made application to the district court of Eastland county, Tex., for authority to sell the property, and the sale was authorized. Before the sale was made, the commissioner's attorney applied to the tax collector of Eastland county for a certificate as to whether any delinquent taxes were due

on the property. Pursuant to such request, the tax collector issued a certificate under seal, wherein it was certified that the taxes on the property described in plaintiff's petition were all paid up to and including the year 1922. This certificate was shown to appellee's attorneys, who on the faith thereof approved the title, and the sale was concluded. The taxes sued for were assessed for the year 1921. A short time after the transaction recited, it was discovered that the tax collector had made a mistake in issuing the certificate, and that the delinquent tax record in his office at the time the certificate was made showed the property to be delinquent.

After pleading in detail the facts above stated, in substance, the appellee alleged:

"Further he says that, if the state of Texas should recover against him, he cannot recover of and against the receiver in said receiver's sale, for the reason that the said receiver was without authority, either at law or otherwise, to give this defendant a warranty deed, and only warranted title to this defendant (appellee) in so far as he was lawfully and legally authorized to do, and that, if the state of Texas should now recover against him for these taxes *he must pay them to his loss and damage in the sum of whatever judgment this court should render against him.*" (Italics ours.)

On the trial, the allegations of appellee's answer were established, except that part wherein he pleaded that, if the state recovered against him, he would lose the amount so recovered. In other words, no testimony was introduced tending to show that appellee had no security and was in no way indemnified. On the other hand, he testified that he had an agreement with the commissioner to pay all taxes up to the time the contract for the purchase was made. Upon cross-examination of appellee appellant proposed to prove by him that he had an agreement with the banking department whereby appellee would not suffer any loss if judgment was obtained against him. This was objected to by appellee, and the objection sustained, but the bill does not show what his answer would have been.

[1] A number of questions are raised by both parties which we do not deem it necessary to decide. It is, however, insisted by the state that the certificate cannot be given any force and effect on the ground that the answer referred to raises only the issue of an estoppel in pais, and that such estoppel does not apply to the state, and that further such defense is precluded under Rev. St. 1911, art. 7689a, added by Second Called Session of the Thirty-Eighth Legislature, c. 13, § 6, limiting the defense available in a suit to recover delinquent taxes. Appellee contends that the facts pleaded amount to a plea of payment, and that, if not such plea, the act of the Legislature referred to is unconstitu-

tional, because violative of article 1, §§ 13 and 19, of the Constitution of Texas, and section 1 of the Fourteenth Amendment to the Constitution of the United States.

The effect of certificates by officers charged with the duty of collecting taxes has been the subject of discussion in a number of cases. Most of these are cited in the notes on page 1160 of 37 Cyc. under the subject "Taxation." In the great majority of these cases, the question arose in cases where the taxpayer had applied to the proper officer for the amount of his taxes and had paid the amount demanded by said officer, and thereafter his property had been sold upon a showing that a larger amount of taxes was due than stated by the officer, the courts generally holding that sales and tax deeds under such circumstances are void. In a few cases the precise question here under consideration has arisen, and in the cases accessible to this court, where the certificate has been held to amount to payment, the facts show that the state or the municipality had waited a number of years after the person had purchased the property on the faith of the tax collector's certificate before bringing suit to recover delinquent taxes actually due which the collector by mistake had certified were paid.

[2] The conclusion has been reached that the defense asserted by appellee is an estoppel in pais. The tax collector has no authority to release the lien of the state for taxes without payment (Raley v. Bitter [Tex. Civ. App.] 170 S. W. 857), but that does not conclude the question that the state may be bound by the act of its officers or agents acting within the scope of their authority. Appellant has cited a number of cases holding that the state is not estopped by the unauthorized acts of its officers, and to this proposition all must agree. It is further the rule that the state is not estopped by the act of its officers acting within the apparent scope of their authority, which is the rule with regard to individuals and corporations generally. The public is ordinarily bound by the act of its agents authorized to perform the act in question. Whiteside v. U. S., 93 U. S. 247, 23 L. Ed. 882. By the express terms of article 7689a, section 1 of chapter 13, Second Called Session of the Thirty-Eighth Legislature, it is made the duty of the tax collector to furnish, on demand of any person or persons, firm, or corporation, statements with reference to the amount of taxes due on any particular lot or tract of land for whatever purposes desired, which shall be in all instances certified by and with the seal of his office attached. That such a certificate may be made the basis of an estoppel, there can be no doubt.

[3] This brings us to the question as to whether the further terms of said article referred to limiting the defenses in tax suits precludes the defense here asserted. We do

not believe that it does. The rule, as stated in 37 Cyc. 1160, referred to, is:

"Where a property owner in good faith applies to the proper officer to pay his taxes and is furnished with a statement, certificate, or information as to the amount of taxes due on which he relies, which is incomplete or erroneous by reason of the mistake or fraud of the officer, and he pays all that is demanded of him, this will be equivalent to full payment, so far as to invalidate any subsequent sale of the property for the omitted taxes."

It has been held that a prospective purchaser of property, who applies to the tax collector for a certificate as to the amount of taxes, and receives a certificate showing that no taxes are due, will in a proper case be protected by such certificate, and that such certificate will, as to such prospective purchaser, in a proper case be deemed the equivalent of payment. Harness v. Cravens, 126 Mo. 233, 28 S. W. 971; Scroggin v. Ridling, 92 Ark. 630, 121 S. W. 1053; Haywood v. O'Conner, 145 Mich. 52, 108 N. W. 366. It is concluded that this defense may be asserted under said article 7689a as a plea of payment, and it is therefore not necessary to pass upon the validity of said article.

[4] There remains the one question whether the appellee proved the substance in his plea of an estoppel based on such certificate. It is of the very essence of an estoppel in pais that the party pleading it must have been misled to his injury; that is, he must have suffered a loss of a substantial character or have been induced to alter his position for the worse in some material respect. Where no available right is parted with, and no injury suffered, there can be no estoppel in pais. 21 C. J. page 1135–1137, title, "Estoppel." So that, in order for the appellee to have sufficiently maintained his plea of estoppel, he must have proved, not only the issuance of the certificate and his reliance thereon, but that he will suffer loss and damage by reason thereof, if the state prevails in this suit. The appellee was apparently very familiar with this rule, as his plea of estoppel, quoted above, contained apt allegations bringing his plea within the rule stated, but no evidence was introduced by the appellee to sustain the allegations above quoted, and, when the plaintiff attempted to prove that he had security and that he had taken an indemnity, his counsel objected to the question, and the answer was not allowed. If, as a matter of fact, the appellee has taken security and is indemnified, his plea of estoppel fails, and, not only did he fail to prove it, but the conclusions of fact filed by the trial court stopped short of any finding as to whether the appellee will suffer loss or sustain injury if the state prevails.

In justice to the learned trial court it should be stated that the question just discussed evidently received very little emphasis

on the trial and has received but little in this court. The bill of exceptions referred to does not state the ground upon which this proposed testimony was based, and does not state what the answer of the appellee would be. The assignment of error based on said bill of exception has not been briefed in this court.

The evidence shows that the commissioner contracted with appellee to pay all past-due taxes on this property. The certificate of the tax collector was issued gratuitously, no fee was paid therefor, and appellant received no benefit therefrom. The commissioner having contracted with appellee to pay the past-due taxes on the property in question, when it was discovered that the certificate of the tax collector was made through mistake, no reason appears justifying the commissioner in refusing to pay the taxes which were due the state of Texas and Eastland County.

If the commissioner has agreed to pay the taxes in question, and has agreed to indemnify and hold appellee harmless, defendant is not injured, and this court cannot sanction the use of this certificate, issued by the tax collector through a mistake and without any benefit accruing to the state to avoid the payment by the commissioner of a just obligation due the state. For the reasons indicated, judgment is reversed, and the cause remanded.