### SHAW, Banking Commissioner, v. LEWIS.
### No. 4189.

Court of Civil Appeals of Texas. Texarkana.
Dec. 29, 1932.

Rehearing Denied Jan. 19, 1933.

Edgar Wright and Moore & Moore, all ·of Paris, for appellee.

BLALOCK, Chief Justice (after stating the case as above).

The principal questions raised are: (1) Could the First State Bank of Paris legally reduce its capital stock without publication of notice as required by article 500, R. S., and, if not, (2) Can the validity of the charter amendment reducing the capital be collaterally attacked, and (3) Is appellant estopped to deny the validity of said reduction, and (4) Does insolvency of the bank at the time of the reduction of its capital stock appear·from the pleadings in the case, and, if so, should the cause be reversed for that reason?

■ We have concluded that the .doctrine of estoppel applies, and it is therefore unnecessary to answer the first two questions. No publication of intention to reduce the capital stock was made as directed by article 500, but nevertheless the banking commissioner issued his certificate of approval as provided in article 505 of the statutes, thus evidencing his intention to treat the bank ,as having a reduced capital of $100,000. Appellee then received twelve shares of stock for the eighteen he had formerly held; six of his shares being surrendered and canceled by the bank. There is no evidence or contention of fraud or bad faith on the part of anybody connected with the transaction. Shortly thereafter when the bank was surrendered to the banking commissioner for liquidation, and while acting in the capacity of liquidating agent for the benefit of the creditors, he did not choose to attack the validity of the charter amendment reducing the capital stock and converting the bank to the bond system, but, on the contrary, elected to uphold and assert the validity of the amendment. He converted into cash the bonds placed on deposit when the bank changed to the bond plan, and distributed the proceeds to the creditors, he assessed appellee $1,200, par value of twelve shares of stock (his holding after the reduction) and called it a 100 per cent. assessment, and generally recognized and treated the institution as a $100,-000 bank, thus asserting the validity of .the capital stock reduction. Appellee testified that he would not have paid the assessment had it been made on eighteen shares. In accepting the $1,200 assessment and making payment, he has been caused to forego whatever legal defense he would have made against it if he had not been led to believe that his payment represented the first· and last assessment. Weatherly v. Jackson (Tex. Civ. App.) 46 S.W.(2d) 1030, 1031, and cases therein cited; Spence v. State Nat'l Bank (Tex. Com. App.) 5 S.W.(2d) 754; Shaw v. Etheridge (Tex. Civ. App.) 15 S.W.(2d) 722; Shaw v. Holderman (Tex. Civ. App.) 17 S.W. (2d) 190; State v. Davisson (Tex. Civ. App.)

Jno. W. Goodwin, of Austin, and Dohoney, Beauchamp & Lawrence, of Paris, for appellant.

280 S. W. 292; Cawthorn v. City of Houston (Tex. Com. App.) 231 S. W. 701.

Another case arising out of the liquidation of this same bank resulted in an opinion by the Commission of Appeals adopted by the Supreme Court, First State Bank v. Collier, 119 Tex. 33, 23 S.W.(2d) 716. The general facts were the same. In that case it was held that a depositor who had accepted preferred payment from the proceeds of the sale of the bonds of this bank had elected to treat this same charter amendment as valid, and is therefore estopped to claim participation in the guaranty fund. By the same token, would not the banking commissioner, acting for the benefit of the same depositors in the same bank, be estopped to collect from appellee an assessment on eighteen shares of stock after treating and dealing with him as the holder of twelve shares, and leading him to believe he was settling his obligation in full?

█ At the outset of the trial it was agreed that no evidence would be offered on the question of insolvency. Appellant now insists that insolvency of the bank at the time of reduction of capital appears from the pleadings and records of the banking department. Insolvency cannot be presumed from allegations in appellant's pleadings, and the records introduced may not be looked to for such purpose, in view of the agreement recited.

The judgment of the trial court will be affirmed, and costs taxed against appellant.